BRIDGET TIMLAN AND PATRICK TIMLAN, DEFENDANTS IN ERROR, v. JOHN DILWORTH, PLAINTIFF IN ERROR.

Argued March 12, 1908—Decided November 16, 1908.

1. What is a reasonable time, when the facts are undisputed and different inferences cannot reasonably be drawn from the same facts, is one of those questions of fact which, because they are for the court and not for the jury, are sometimes, though inaccurately, called questions of law.
2. The rule as to when the question of reasonable time is for the court, and when a question of fact for the jury, discussed.

On error to the Supreme Court, whose opinion is reported in 46 *Vroom* 100.

For the plaintiff in error, *Gilbert Collins* and *John W. Queen.*

For the defendants in error, *Frederick Snow Kellogg* and *Raymond Dawson.*

The opinion of the court was delivered by

DILL, J.   The writ of error in this case brings up for review a judgment upon the verdict of a jury in favor of the plaintiffs, and the principal assignment of error is based upon the refusal of the trial court to nonsuit the plaintiffs.

In cases of negligence, where the trial judge is requested to nonsuit or direct a verdict for the defendant, his duty is to determine whether any facts have been established by evidence from which negligence may be reasonably inferred.   If none, there is no case to go to the jury, but if from facts established negligence may reasonably be inferred, it is for the jury to say whether from those facts negligence ought to be inferred. *Hummer* v. *Lehigh Valley Railroad Co., 46 Vroom* 703.

In 1881 Mr. Justice Reed, in the Supreme Court, after reviewing the decisions in this state and elsewhere, denied the doctrine that a mere scintilla of evidence was sufficient to carry a case to the jury, and said: "In every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed."   *Baldwin* v. *Shannon, 14 Vroom* 596 (at *p.* 603).

This decision has been often cited in this court, and always with approval.   See, also, 15 *Eng. Rul. Cas.* 68 *et seq.*

The preliminary question involved in this case is whether there was any evidence showing, or fairly tending to show, some wrongful act or neglect of the defendant, or some omission of duty which he owed to the plaintiffs.

The facts from which it is claimed negligence may be imputed to the defendant are not controverted, and different inferences could not have been reasonably drawn from these facts.

The plaintiffs, husband and wife, tenants of the defendant in a tenement house in Jersey City, charge him with negligence in the care of a hand elevator or dumb-waiter used on the premises for hoisting coal and other articles from the cel-

lar to the upper floors of the building. While the wife was using the dumb-waiter the nut on the eye that held the rope gave way and the apparatus fell, and for the purposes of this appeal, at least, it must be deemed to be true that she was injured under the circumstances and in the manner testified to by her.

The defendant had purchased the premises only a few days before the accident. He took title on Wednesday, March 14th, 1906, and the accident occurred on Sunday, March 18th, 1906. He made no inspection of the dumb-waiter between the time he took title and the time of the accident. Before purchasing, and on or about the 8th of February, 1906, he went to the premises with one John O'Connor, a builder, and examined the building, including the dumb-waiter, and found all apparently in good condition. On Monday, March 12th, two days before he took title, he went again and made another examination of the house, tested the dumb-waiter and found that it worked satisfactorily. When he made this inspection he questioned the tenants, and the janitress especially, as to whether the dumb-waiter was in good order, and the janitress told him, and in the presence of one of the plaintiffs, that the dumb-waiter was all right but was working "very stiff" because it had new ropes and "had just been overhauled."

Excluding the day on which the defendant took title and the day upon which the plaintiff was injured, there intervened only two and one-half working days (the intervening Saturday being a half-holiday—*Gen. Stat., p.* 1941) in which to make a more thorough inspection of an apparatus which, as he was advised, had been overhauled just prior to the time when he took title.

In the meantime no notice, actual or constructive, was given the defendant of any defect in the apparatus.

The plaintiffs and other tenants had frequent occasion for using and observing the dumb-waiter, and no one appears to have noticed that it was dangerous or unsafe.

On this state of facts the learned trial judge below declined to nonsuit the plaintiffs or direct a verdict.

Upon the conceded fact that the landlord failed in the interim between the taking of title and the occurrence of the accident, to make an inspection of an apparatus which he learned just before taking title was in good order and had just been overhauled, the court sent the case to the jury to determine, as a question of fact, whether there was a failure to make an inspection within a reasonable time.

The question therefore arises whether, under the circumstances of this case, the question of a reasonable time was for the court or for the jury.

We do not pass upon, but we expressly reserve the question whether, under the facts in this case, the landlord was charged with the duty of keeping the dumb-waiter in repair, so as to make him responsible under the rule of *Gillvon* v. *Reilly,* 21 *Vroom* 26; *Siggins* v. *McGill,* 43 *Id.* 263; approved by this court in *McCracken* v. *Meyers,* 46 *Id.* 935.

Even assuming that it was the duty of the landlord to use reasonable care to keep the apparatus in question in repair, yet such duty, and the resulting duty of inspection, would be subject to the rule laid down by Mr. Justice Dixon, in the Supreme Court, to the effect that:

"To ascertain the time or times for making repairs we must invoke the usual legal implication, applicable to contracts indefinite as to the time of performance, that they must be performed with reasonable diligence and promptness. This legal rule, applied to the present contract, imposed upon the landlords the duty of properly inspecting the premises and of making such repairs as a due inspection would show to be necessary. But it cannot be stretched so as to include an obligation to repair what a reasonable examination would not discover to be in need of repair. Such straining would deprive the rule of the very element which makes it applicable to contracts in general—the underlying idea of reasonableness." *Frank* v. *Conradi,* 21 *Vroom* 23 (at *p.* 25).

In *Furniture Co.* v. *Board of Education,* 29 *Vroom* 646 (at *p.* 652), Mr. Justice Garrison, speaking for this court said: "The question of reasonable time is generally one of fact for the jury, and is always so when it rests upon conflicting in-

ferences as to the mutual effect of the conduct of the parties to the transaction."

Subsequently, in 1904, the present Chancellor, then Mr. Justice Pitney, said: "In this, as in all cases where questions of reasonable time, opportunity or the like are at issue, the determination of what is reasonable, where the facts are in dispute, or the inference to be drawn from undisputed facts is in doubt, is a question of fact and not of law." *Burr* v. *Adams Express Co.,* 42 *Vroom* 263 (at *p.* 269).

Where the proofs are conflicting the question is often a mixed one of law and fact. In such a case the court should instruct the jury as to the law upon the several hypotheses of fact insisted upon by the parties.

In accord with the opinions of Mr. Justice Garrison and of Chancellor Pitney (*supra*) is the converse of the proposition, viz., that what is a reasonable time, when the facts are undisputed and different inferences cannot reasonably be drawn from the same facts, is a question for the court, not for the jury. *Wright* v. *Bank of Metropolis,* 110 *N. Y.* 237; *Loring* v. *City of Boston,* 48 *Mass.* 409.

"Reasonableness in such cases belongeth to the knowledge of the law, and is therefore to be decided by the justices." 1 *Coke Litt.* 644 (56*b*).

Whether a reasonable time had intervened for the owner to make an inspection after taking title to the premises, under the circumstances of this case, was, in our opinion, one of those questions of fact which, because they are for the court and not for the jury, are sometimes, though inaccurately, called questions of law.

It was the duty of the court to hold, as we now do, that under the facts of this case the landlord's failure to make an inspection of the apparatus in question in the interim between the taking of title and the occurrence of the accident (two and one-half working days) was not a failure to make an inspection within a reasonable time.

To leave this question to the jury was error.

The judgment, therefore, is reversed, with costs, and a new trial ordered.

*For affirmance*—SWAYZE, TRENCHARD, BERGEN, J.J.    3.

*For reversal*—THE CHIEF JUSTICE, GARRISON, REED, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.    11.