OWEN JOHN RILEY, BY HIS NEXT FRIEND, NELLIE GOLDY, APPELLANT, v. JERSEY LEATHER COMPANY, RESPONDENT.

OWEN JOHN RILEY, BY HIS NEXT FRIEND, NELLIE GOLDY, APPELLANT, v. PEERLESS KID COMPANY, RESPONDENT.

OWEN JOHN RILEY, BY HIS NEXT FRIEND, NELLIE GOLDY, APPELLANT, v. RUBY KID COMPANY, RESPONDENT.

Argued May 23, 1924—Decided October 20, 1924.

1. Where the occupier of lands engages an independent contractor to do work upon his premises, an employe of the contractor, while executing the work, is there presumably by the request of the occupier, and is an invitee and not a mere licensee.

2. Where the contractee actively interferes with and participates in the work contracted for by the independent contractor, and the real cause of the injury of the plaintiff, an employe of the contractor, is the independent negligence of both the contractee and the contractor, the contractee, as well as the contractor, is liable.

3. In a suit against a contractee a nonsuit is not justified upon the ground of assumption of the risk, where, under the evidence, it is open to the jury to find that the plaintiff, an employe of the independent contractor, did not know, and that an ordinarily prudent man under the circumstances would not have known, of the danger, created in part by the contractee's interference with and participation in the work contracted for, that necessitated warning or precautions for the plaintiff's safety.

On appeals from the Supreme Court.

For the appellant, *William C. French* and *Samuel T. French.*

For the respondents, *Howard L. Miller.*

The opinion of the court was delivered by

TRENCHARD, J.    These appeals are from judgments of nonsuit at the Camden Circuit in three suits tried below,

and argued here together; and it is stipulated that "these three cases shall be considered as one case."

At the trial the following matters of fact appeared without substantial dispute.

The three defendant leather companies were in some respects co-related and interlocking. They had their plants immediately adjoining one another, and for certain purposes occupied and used in common the yard where the accident took place, which is the basis of these suits. In this yard they maintained a large coal pile, which was used in common in a steam power plant, which power plant in turn furnished the three companies with power, heat and light. The coal pile contained several hundred tons, partly hard coal and partly soft coal, and apparently extended some distance along the water front. The companies contracted with a contractor for the carting of coal from the pile to the common power plant, and the plaintiff, a young man twenty years old, was an employe of such contractor. A week or two before the accident, by reason of rain, followed by very cold weather, the top of the pile of coal froze to a depth of several feet, and in that situation both the servants of the independent contractor and the servant of the defendant companies took pea coal at one point from underneath the frozen crust, thereby creating a hole approximately ten feet wide and ten feet deep, and leaving unsupported, about twenty feet above the ground, an overhanging ledge of frozen coal. The plaintiff came to work in that yard for the first time at two o'clock in the afternoon of January 26th, 1920. He worked "on the soft coal," carting it to the power plant, until about five o'clock, when it "became dark," and then prepared to leave. Then his employer, the independent contractor, requested him to "help with a couple of loads of pea coal." It was about fifteen minutes later, while at that work near the overhanging ledge of pea coal, that the ledge fell and rolled over on the plaintiff, inflicting the injuries for which these suit were brought.

Further and complementary evidence will be referred to in the course of the opinion.

The learned trial judge nonsuited the plaintiff upon two grounds. The first was because he considered that it "had not been shown that there had been a failure upon the part of any of these defendants in any duty owed to the plaintiff."

We are of the opinion that the nonsuit cannot be justified upon that ground.

The defendants argue in support of the nonsuit that the plaintiff was a mere "licensee, entitled only to protection from wanton and malicious negligence."

But that is not so. As we have said, the plaintiff was the employe of the contractor who had contracted with the defendants to haul the coal in their yard from the pile to their power plant, and was injured while executing the work called for· by that contract. Now, the rule is that where, as here, the occupier of lands engages an independent contractor to do work upon his premises, an employe of the contractor, while executing the work, is there presumably by the request of the occupier, and is an invitee and not a mere licensee. See *Hardy* v. *Delaware, Lackawanna and Western Railroad Co.,* 57 *N. J. L.* 505; *affirmed,* 58 *Id.* 205; *Dettmering* v. *English,* 64 *Id.* 16.

It is, of course, true that ordinarily the contractor and not the contractee is the person liable to an employe of the contractor for injuries received by the employe in the course of his employment. But that rule·is subject to certain exceptions. Among others, where, as here, the contractee actively interferes with, and participates in, the work contracted for, and the real cause of the injury to the plaintiff, an employe of the contractor, is the independent negligence of both the contractee and the contractor, the contractee, as well as the contractor, is liable. Such is the effect of the reasoning of our cases. *Hardy* v. *Delaware, Lackawanna and Western Railroad Co., supra; affirmed, supra; Cuff* v. *Newark, &c., R. Co.,* 35 *N. J. L.* 17; *affirmed,* 35 *Id.* 547; *Newman* v. *Fowler,* 37 *Id.* 89.

Now, the evidence in this case tended to show that the defendants (contractees) failed in the performance of their duty to the plaintiff. There was evidence to the effect that

for a week or more daily, prior to and inclusive of the morning of the day of the accident, the servant of the defendants, in order to keep their power plant running, carted coal, aggregating several tons, "out of the hole," thereby helping to create the dangerous overhanging ledge of coal, the collapse of which injured the plaintiff, and the evidence permitted of the inference that this was done with the knowledge and acquiescence of the bosses of the defendant companies, who daily, in broad daylight, were about the yard where the operation was going on. The evidence showed that this dangerous ledge of coal was entirely unguarded, and tended to show that its presence was unknown to the plaintiff, and that he was not warned of the danger. It was therefore open to the jury to find that the defendants had failed to exercise reasonable care for the safety of the plaintiff commensurate with the danger that their active interference with, and participation in, the work had helped to create. The nonsuits were therefore not justified on the first ground taken by the trial judge.

Neither were the nonsuits justified upon the doctrine of assumption of the risk as the trial judge thought. He said that "the independent contractor assumed for the plaintiff, and the plaintiff assumed whatever risk was obvious at the time that he went to work, and that danger was an obvious one."

It may be taken for granted that the general physical surrounding of the plaintiff, when for the first time he came to work at two o'clock, were obvious to him, for its was then daylight. But that is no sufficient reason for the nonsuit, because the evidence tended to show that he was then put to work not at the "hole," or point of danger, but elsewhere on the soft coal, and that it was not until "dark" that he was put to work on the pea coal in front of the "hole" and point of danger, and his testimony was that by reason of the "dark" and fog he did not see, and did not know, and was not warned of, the dangerous overhanging ledge of coal, and that he was not warned of the danger. It was therefore open to the jury to find that the plaintiff did not know, and that an ordinarily prudent man under the circumstances would not have

known of the danger in part created by the defendants that necessitated warning or precautions for the plaintiff's safety; and, hence, the nonsuits upon the ground of assumption of the risk were not justified. *Lechman* v. *Hooper,* 52 *N. J. L.* 253; *Burns* v. *Delaware and Atlantic Tel. Co.,* 70 *Id.* 745.

In each case the judgment under review will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 14.