WILLIAM L. PATTERSON, JR., RESPONDENT, v. OLIVER
SURPLESS, APPELLANT.

WILLIAM L. PATTERSON, JR., RESPONDENT, v. STAFFORD
MILLER, APPELLANT.

Submitted May 29, 1930—Decided October 20, 1930.

For the appellant Oliver Surpless, *Collins & Corbin.*

For the appellant Stafford Miller, *Howard F. McIntyre*
(*Edward A. Markley,* of counsel).

For the respondent, *Arthur C. Dunn* and *John J. Breslin,*
*Jr.*

The opinion of the court was delivered by

LLOYD, J.  These actions were to recover damages for per-
sonal injuries sustained by the plaintiff through a collision
with an automobile owned by the defendant Surpless and

driven by the defendant Miller. The cases were tried together and resulted in verdicts in favor of the plaintiff against both defendants.

The defendants appeal and urge as grounds for reversal that the court should have declared a mistrial and that it should have directed verdicts in favor of the defendants.

It is contended that as to the defendant Surpless the evidence established that although the automobile involved in the action was owned by him and under the law was presumed to be under his control and operation, the uncontradicted proofs established that the car was out of his control, was not being used by or for him at the time of the accident, and that therefore the presumption of law was so clearly overthrown as to require the court to deal with the question as one of law and not as one of fact for the jury.

We think this contention is sound. It was established beyond question that Surpless at the time of the accident was in Canada and had been for several days, that the automobile was taken out of his garage by the defendant Miller for his own business purposes and without the knowledge of Surpless; such was the testimony of both Surpless and Miller and it was not impugned by any other proofs in the cause. While it was shown that Miller was at the time engaged to marry Surpless' daughter, that Surpless was later convicted before a justice of the peace of having permitted his car to be operated by an unlicensed driver, and that in a statement made by Surpless an admission to like effect was made, these proofs in nowise militated against the clear evidence that the car was at the time in the possession of Miller who was using it for his own, and exclusively his own, purposes. Hence no liability could be predicated on a relation of master and servant. *Tischler* v. *Steinholtz*, 99 *N. J. L.* 149; *Okin* v. *Essex Sales Co.*, 103 *Id.* 217; *affirmed*, 104 *Id.* 181. Nor could the fact that the car was permitted by Surpless to be used by an unlicensed person, in the absence of proof that such unlicensed person was an incompetent driver, be made the basis of liability on the theory that he had permitted the use of his car by an unskillful operator. *Muller* v. *West Jersey and Seashore Railroad Co.*, 99 *Id.* 186.

It is next argued that as to both defendants the motions should have been granted on the ground of contributory negligence in the plaintiff. We think this is not so. On this phase of the case the question was for the jury.

We think, however, on the remaining ground raised on the appeal both cases must be reversed. When the jury was being drawn counsel for the plaintiff asked the jurors whether any of them were stockholders in the Standard Accident Insurance Company, whereupon counsel for the defendants moved the court to declare a mistrial. The motion was denied and an exception allowed. Later in the trial the defendant Miller was asked whether he was insured and he answered in the negative. On motion of the plaintiff's counsel this answer was stricken out. At the conclusion of the taking of testimony the court was requested by the defendants' counsel to instruct the jury to disregard any question of insurance in the cause and this was refused, and we may add that our own examination does not disclose that any instruction was otherwise given to neutralize the injurious effect of the question, nor does counsel for the respondent point out any such instruction. Rulings on such a question ordinarily rest in the sound discretion of the trial judge, and, unless such discretion is abused, will not be disturbed. Such was the declaration of this court in the case of *Bashaw* v. *Eichenberger,* 100 *N. J. L.* 153. We there said in a somewhat similar situation that it was "not apparent that any injury had arisen which could not be removed by proper instructions and caution to the jury," and the refusal of a motion to withdraw a juror in that case was held not to be error.

We have here, however, in addition to the improper question asked of the jurors, the subsequent effort of defendants' counsel to nullify its injurious effect by the testimony of Miller that he was not insured, the court striking it out without objection having been made to the question eliciting such testimony, and finally the refusal of the court to instruct the jury that the question of insurance was irrelevant.

In the case of *Sutton* v. *Bell,* 79 *N. J. L.* 507, this court declared that the fact of insurance could have no bearing on the issues raised in a case like the present. Intelligent coun-

sel must have known the law as thus declared. To propound to the jurors a question as to their stockholdings in the insurance company named could have had but one purpose and effect, viz., to prejudice the jurors against the defendants in the trial of the case. It would at once instill in their minds the thought that the defendant would ultimately not be called upon to pay any verdict that the jury might render, but that this burden would fall upon an insurance company which had been paid to take the risk. The prejudicial effects of such an impression are obvious and can scarcely be magnified.

Courts exist for the judicial determination of the rights of litigants and for the administration of justice, and it is the duty of those presiding, as far as humanly possible, to see that the setting of each individual case shall be such that an impartial and just deliverance shall be had between the parties, and when counsel deliberately seeks to inject into a cause an element which has, and is designed to have, the effect of prejudicing the rights of one or the other of the litigants, it is the duty of the judge to guard against such effect, either by arresting the trial *in limine,* as was requested in the present case or by guarding against the pernicious results through proper instruction to the jury as was clearly indicated in the opinion cited above. In the present case neither was done, and to aggravate the situation the effort of the defendant Miller to relieve himself of the injurious effect of the query addressed to the jurors was nullified by the striking out of that portion of his evidence. We think on the whole case the refusal to declare a mistrial was an abuse of discretion requiring reversal.

The judgment against Surpless is reversed and the judgment against Miller is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.