WILLIAM HUGHES, PLAINTIFF, v. ELIZABETH ENGLISH, DEFENDANT.

Submitted May 16, 1930—Decided December 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *James Mercer Davis.*

*Contra, William C. French.*

PER CURIAM.

The plaintiff recovered a verdict of $7,500 and the defendant has a rule to show cause why a new trial should not be awarded as to damages only.

Under this rule the defendant has argued five reasons for setting aside the verdict. These are that the verdict is against the evidence and its weight, that the court erred in refusing to grant a nonsuit and to declare a mistrial, and that the damages are excessive.

Whether under such a rule the legal questions can be urged it is not necessary to consider, inasmuch as we think that no one or all of the reasons justify disturbance of the verdict.

The action was to recover damages for personal injuries sustained by a policeman as he was about to relieve a fellow

traffic officer, resulting from a collision between a truck and defendant's automobile. The evidence justified a finding that the defendant drove her car west on Linden street in the city of Camden and attempted to cross Eighth street and collided with a truck going north to which the traffic officer had given the right of way. The result was that the truck was thrown out of its course and struck the plaintiff, causing the injuries for which the action was brought.

The motion for nonsuit was predicated on a claim that the plaintiff himself was guilty of contributory negligence under the proofs narrated. The motion could not have been granted. The officer was in the lawful discharge of his duty, about to relieve a brother traffic officer. He was necessarily in the body of the street for that purpose. He could hardly be supposed to anticipate that the defendant would drive her car against the traffic directions and collide with another vehicle and thereby cause injury to one in his situation.

The refusal to declare a mistrial was not error. The plaintiff was asked this question: "I think it was in the testimony that your mind was hazy for how long?" and the court said, "The question is, 'for long long.'" This was objected to and the objection overruled and the witness answered: "For quite some time after that I have a hazy recollection of some conversation, I believe it was from Mrs. English, that the insurance company would take care of me." Counsel for the defendant then asked for a mistrial. There had been a similar episode in the proofs when counsel for the defendant offended by asking the plaintiff if he had accident insurance of any kind, and the court in denying the defendant's motion for a mistrial immediately directed the jury not to concern themselves with the question of whether or not there was any insurance involved in the case.

We cannot say that in this there was abuse of the discreton permitted to the trial court. The subject has been elaborately discussed in the Court of Errors and Appeals in *Sutton* v. *Bell,* 79 *N. J. L.* 507, and recently in the case of *Patterson* v. *Surpless and Miller,* 8 *N. J. Adv. R.* 589; 151 *Atl. Rep.* 754 (not yet officially reported).

In the present case there was nothing to indicate a purpose on the part of either plaintiff or his counsel to prejudice the minds of the jurors and the learned trial judge was alert to see that no injury resulted from the injection of the remark.

Our examination of the proofs convinces us that the verdict was not against the weight of the evidence and that the damages were not excessive. The proofs already narrated and others to be found in the record amply justified a finding of the defendant's negligence and that the whole evidence failed to establish that the plaintiff was guilty of negligence contributing to his injuries which were severe and lasting, necessitating his withdrawal from duty as a street officer and his transfer to an office desk in the department.

The rule for new trial is discharged.