JOHN SUTTON, PLAINTIFF-RESPONDENT, v. LERNER STORES CORPORATION, DEFENDANT-APPELLANT.

Submitted May term, 1932—Decided October 17, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices BODINE and DONGES.

For the defendant-appellant, *Thompson & Hanstein.*

For the plaintiff-respondent, *William Charlton.*

PER CURIAM.

The plaintiff was employed by a plumbing contractor, who was engaged in doing work for the defendant. He was severely scalded by stepping into a pit containing very hot water in the basement where he was working. The pit was about two feet square and fourteen inches deep. The plaintiff's work involved the changing of certain pipe lines. He was loosening up a high connection with a fourteen-inch wrench when he stepped forward to be nearer his work and fell into the pit, which was in a corner of the basement and which he had not previously observed, because it was unguarded and the lights were somewhat dim. It goes without saying that the defendant owed a duty to use reasonable care for his safety. 45 *Corp. Jur.* 818, 826; *Sommer* v. *Public Service Corp.*, 79 *N. J. L.* 349; 75 *Atl. Rep.* 892, and *Riley* v. *Jersey Leather Co.*, 100 *N. J. L.* 300; 126 *Atl. Rep.* 457.

The proofs leave no doubt as to the long existence of the pit in question, and the hot water therein which appears to have escaped from a double pipe line running from the boiler room and across the pit to the hotel and stores above.

The special skill or experience of a witness may qualify him to express an opinion as to the condition of a structure. 22 *Corp. Jur.* 650. In the present case a plumber, who examined the pit shortly after the occurrence, testified that in his opinion the same had existed for a long period of time, because of the appearance of the concrete which was stained by the continuous action of the steam and water. Possibly expert testimony, as to the age of a pit, is not strictly admissible, but there is no doubt that one may testify as to that which he observes and the jury may draw their own conclusions therefrom. From an accurate description of a building or pit, the jury could conclude whether it was one of recent construction or not. We think there was no harmful error upon any of the rulings upon evidence properly before us.

"By the settled law of this state, an owner or occupier of lands, who, by invitation, express or implied, induces persons to come upon the premises, is under a duty to exercise ordinary care to render the premises reasonably safe for such

purposes." *Nolan* v. *Bridgeton and Millville Traction Co.,* 74 *N. J. L.* 559, 561; 65 *Atl. Rep.* 992.

We think that there was enough evidence to go to the jury on this question. *Rom* v. *Huber,* 93 *N. J. L.* 360; 108 *Atl. Rep.* 361; 94 *N. J. L.* 258; 109 *Atl. Rep.* 504; *Schnatterer* v. *Bamberger,* 81 *N. J. L.* 558; 79 *Atl. Rep.* 324; *Timlan* v. *Dillworth,* 76 *N. J. L.* 568; 71 *Atl. Rep.* 33.

Whether the plaintiff ought to have seen and avoided the pit was a matter for the jury's determination.

The other matters argued have no merit and need no further discussion.

The judgment is affirmed, with costs.