ROSE M. CONSTANTINE, ADMINISTRATRIX AD PROSE-QUENDUM, ETC., PLAINTIFF-RESPONDENT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted January term, 1934—Decided May 26, 1934.

Before Brogan, Chief Justice, and Justices Trenchard and Heher.

For the appellant, *Frederic B. Scott*.

For the respondent, *Alexander Simpson*.

Per Curiam.

This is an appeal from a judgment recovered by the plaintiff below, in the Hudson County Court of Common Pleas. The plaintiff is the administratrix *ad prosequendum* of the estate of William H. Hoelz, who was killed by a railroad train of the defendant company at a point west of what is known as the Bergen tunnel in Jersey City, New Jersey. At that point the contracting firm of Hatzel and Buehler, Incorporated, was engaged in doing some work on the electrification of the defendant railroad company. The decedent, an employe of the contracting firm, was engaged in unloading equipment into a substation of the railroad company. The equipment, consisting of machinery and parts thereof, was heavy and necessitated the use of rigging to properly unload it into the station. A freight car, from which this machinery was being unloaded, was standing on a siding opposite the building and part of the apparatus, viz., a guy-line, used for unloading the machinery was attached to what is known as "operating track No. 3," which track apparently accommodated outgoing railroad trains.

There was testimony to the effect that this rigging was attached to that outbound track and other testimony that it was not. The determination of the jury, however, seems to

have been that it was and that the decedent, at the time of the accident, was engaged in removing the tie rope from the rail.

The grounds of appeal raise several questions, the first one of which is the right of the decedent to have been where he was at the time he received the fatal injuries for which the administratrix brought suit. There is also involved the question as to whether or not the administratrix, an aunt of the decedent, suffered pecuniary loss by his death and further question that the court below should have directed a mistrial because of remarks made by the plaintiff's counsel in summation to the jury which this appellant says were so prejudicial to its interests that the failure to declare a mistrial amounted to an abuse of discretion on the part of the court.

We shall consider the points in the order of their presentation. The first ground argued is that the decedent was not on the appellant's premises at that point, either by invitation expressed or implied, and therefore a verdict should have been directed in favor of the defendant. This point becomes significant because the record discloses that in the contract between the defendant and the contractor, in whose employ the decedent was, we find the following: "The contractor shall under no circumstances use, or cause to be blocked, any operating track of the railroad company, unless specifically authorized by a written permission of the engineer. When the use of any operating track is desired, a notice shall be given the engineer forty-eight (48) hours in advance. The use of an operating track will not be allowed unless, for some unforeseen reason, due to the nature of the work, it is impossible to carry on the work without the use thereof."

It is not contended by the appellant that this provision of the contract was brought home to the decedent. Now quite properly the jury might have inferred, from the testimony, that the unloading of the machinery at this substation had gone on for quite some time; that on this work it had been the custom to use a tie rope fastened to one rail of the operating track in such a way that a railroad train would not cut this tie rope, and that this method of steadying the unloading

apparatus had been used for several weeks; and that the decedent, at the time he met his death, was engaged in unfastening this tie rope.

It is argued, however, by the appellant that the decedent was a licensee and not an invitee and that the defendant below did not owe him the duty of exercising reasonable care but only the obligation of refraining from willful and wanton injury. We think that from the testimony in the case it was a jury question as to whether or not he was an invitee since there was testimony in the case that this particular method of operation by which the plaintiff met his death, had been invoked for a sufficient length of time to charge the defendant below with actual or constructive knowledge of it.

The general rule is that where the occupier of lands engages an independent contractor to do work upon his premises, an employe of the contractor while executing the work is there presumably by the request of the occupier and is an invitee and not a mere licensee. *Riley* v. *Jersey Leather Co.,* 100 *N. J. L.* 300 (at *p.* 302); 126 *Atl. Rep.* 457, and cases cited.

It is admitted that the point where the decedent was killed was immediately contiguous to the place where the decedent unquestionably had the right to be, for of course it cannot be gainsaid but that he had the right to be on the land which was occupied by the side track on which the freight car was stationed, from which he was helping to unload the machinery to be used in the electrification of the defendant's road; that there was a limited invitation agreed upon between the contractor and contractee may be true but nothing in the case brought knowledge of this home to the decedent. He certainly had the right to assume he had the protection of an invitee as far as the side track was concerned and, under the circumstances surrounding his work, the question of his right to go upon the land immediately adjacent under implied invitation was at least one for the jury. *Phillips* v. *Library Co.,* 55 *N. J. L.* 307; 27 *Atl. Rep.* 478; *Murphy* v. *Core Joint Concrete Pipe Co.,* 110 *N. J. L.* 83 (at *p.* 86); 164 *Atl. Rep.* 262, and cases cited.

The second ground for reversal urges that there was no

proof of pecuniary loss. We find the contrary to be the fact and that the testimony in the case warranted the jury in finding that the money given by the decedent to his aunt, who is the plaintiff here and with whom he boarded, was more than mere payment for room and board and that he was in part her support. *Batton* v. *P. S.,* 75 *N. J. L.* 857; 69 *Atl. Rep.* 164; *Barnett* v. *Atlantic City Electric Co.,* 87 *N. J. L.* 29; 93 *Atl. Rep.* 108.

The final point is that the court erred in refusing to declare a mistrial on account of improper summation to the jury.

It appears that there was a provision in the agreement between the independent contractor and the railroad company whereby the railroad would be saved harmless from, among others, judgments of the character now under consideration. It is further stated that counsel, in summing up to the jury for the plaintiff, called attention to the fact that even though they should find the defendant liable, the defendant would in turn collect the amount of the judgment from the contractor. Counsel for the defendant asked for a mistrial. It appears that the contract was in evidence in its entirety and, naturally, the jury would have been entitled to take the contract into the jury room in considering its verdict. At the time the so-called objectionable remarks were made by plaintiff's counsel, the judge had left the bench and the court stenographer had either left the courtroom or, at any rate, had not taken down the summation. Whatever may have been the fact, upon the court's return to the bench, counsel asked for a mistrial and stated his reasons. The court refused to grant a mistrial but did then and there, first admonishing counsel, instruct the jury in strong, direct terms to disregard the statement of counsel. We have considered the argument of the appellant on this point for a reversal and conclude that this case is not at all analogous to *Hughes* v. *English,* 9 *N. J. Mis. R.* 28; 152 *Atl. Rep.* 473; *Sutton* v. *Bell,* 79 *N. J. L.* 507; 77 *Atl. Rep.* 42, or *Patterson* v. *Surpless,* 107 *N. J. L.* 305; 151 *Atl. Rep.* 754, upon which appellant relies.

We find no abuse of discretion.

The other points written down as grounds for reversal have not been argued and will be considered as abandoned. *Sargeant Bros.* v. *Brancati,* 107 *N. J. L.* 84; 151 *Atl. Rep.* 843.

The judgment under review will be affirmed, with costs.