Mae **DRAKE** and Wesley G. Drake,
Plaintiffs,

v.

**MING CHI SHEK** and Hong Ah Look,
t/a Ming's Chinese American Restaurant, Defendants.

Civ. A. No. 522–57.

United States District Court
D. New Jersey.

Nov. 4, 1957.

Durand, Ivins & Carton, Asbury Park, N. J., by Robert R. Witt, Asbury Park, N. J., for defendants, for the motion.

Mackerley & Friedman, Newton, N. J., by Harold T. McGovern, Newton, N. J., Frank G. Schlosser, Newton, N. J., of counsel, contra.

FORMAN, Chief Judge.

This is a personal injury suit brought in the United States District Court because of diversity of citizenship, the amount in issue exceeding the $3,000 jurisdictional requirement.

The complaint was filed on May 23, 1957, alleging, in Count one, that plaintiff Mae Drake was an invitee to the premises of defendants' restaurant on October 24, 1954, where she fell and was seriously injured as a result of defendants' negligence "in permitting floor in said premises to be and to remain in a slippery and greasy condition". Count two of the complaint seeks an injunction restraining defendants from pleading the bar of the two year statute of limitations, N.J.S. 2A:14–2, N.J.S.A.,[1] because of the alleged fraudulent conduct of agents of the defendants' insurance carrier. The alleged fraud complained of consists of misrepresentations and delays which were intended to and proximately resulted in the suit being filed more than two years after the cause of action arose.

Defendants have moved, under provisions of Rule 42(b)[2] of the Federal

1. "Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued." N.J.S. 2A:14–2, N.J.S.A.

2. "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues." 28 U.S.C. Rule 42(b).

Rules of Civil Procedure, Title 28 U.S.C., for a separate trial, without a jury, of the issue raised by Count two. Defendants contend that a separate trial is necessary in order to avoid prejudice; that a separate trial of this issue would dispose of the entire case if upheld; and that the evidence necessary for Counts one and two are entirely unrelated to each other.

Plaintiffs oppose this motion on two grounds; namely (1), citing New Jersey law to the effect that no one should be permitted to benefit from the application of the statute of limitations, where the fraudulent conduct of the defendant induced the late filing of the complaint; and (2), that no separate trial is necessary, since the court can pass on the equitable questions during the same trial at which the jury will try the law side of the case, or even following that part of the case triable by jury.

To support their first contention, plaintiffs point to Howard v. West Jersey & S. S. R. Co., 1928, 102 N.J.Eq. 517, 141 A. 755. In the Howard case there was, indeed, a factually parallel situation to the one herein alleged, and the court enjoined the defendants from pleading the bar of the statute of limitations, making the following observation:

> "I am convinced that in the circumstances of this case defendants cannot be privileged to interpose the statute of limitations as a defense to complainants' pending action at law for damages.

> "It seems clear that, if defendants' wrongful conduct can be said to have caused complainants to subject their claim to the bar of the statute of limitations, a court of equity should not permit them to hold the advantage thus obtained." 102 N.J.Eq. at page 520, 141 A. at page 756.

And again, 102 N.J.Eq. at page 523, 141 A. at page 757, the court stated:

> "While it cannot be said to be ordinarily any part of duty to apprise an adversary of his rights, it must be recognized that one cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought."

The Howard case is indeed controlling law for the principle that where there has been fraudulent conduct by a party he cannot avail himself of the fruits of such conduct. However, this presupposes a *finding* that a fraud had in fact been perpetrated. The decision in the Howard case was rendered only *after* "testimony submitted at final hearing" (102 N.J.Eq. at page 518, 141 A. at page 756, supra), *prior to a determination of the action at law.* Its holding would be applicable to the instant case if and when there were a finding of fraud committed by the agents of defendants' insurance carrier. Nor, in fact, is there any evidence that defendants challenge the applicability of this principle, once a proper determination has been made. It would seem clear that the Howard case does not support the proposition that the unrelated issues of the negligence action should be tried simultaneously with the fraud issue which is the substance of the equity action.

The basic question, therefore, is whether a separate trial, without a jury, should be had on the fraud issue upon which it is sought to restrain the defense of the statute of limitations.

Plaintiffs cite Moore's Federal Practice, 2d Edition, Vol. 5, § 39.12, at page 731, for the proposition that the legal issues are to be tried to the jury and the equitable issues to the court, in the same trial. It is to be noted, however, that the cited portion pertains to Professor Moore's comments on Rule 39, relative to issues triable by the court or by jury, and the sequence in which they should be tried. But in his discussion

of Rule 39, Professor Moore states, at pages 729–730, supra:

"Where the 'equitable' issue is in the nature of a defense, the courts quite generally and properly order that the 'equitable' issues be disposed of first. If the 'equitable' defense is found to be valid, the case will have been disposed of with minimum time and expense. If disposition of the 'equitable' claim or counterclaim would make it unnecessary to go into the 'legal' issues, then the equitable issues should be disposed of first."

Implicit in this discussion of the triability of legal and equitable issues in the same action is the fact that the issues *be related evidentially*, and that no prejudice result to any of the parties in trying such issues at the same time. The cases which Professor Moore cites are illustrative of this point. Elkins v. Nobel, D.C.E.D.N.Y.1940, 1 F.R.D. 357; Munkacsy v. Warner Bros. Pictures, Inc., D.C.E.D.N.Y.1942, 2 F.R.D. 380.

The essence of the matter at hand is that the evidence to be offered in the basic suit—the tort action founded on negligence—is *totally* unrelated to the equitable issue of fraud. If this in itself does not suffice to sustain separate trials, the element of prejudice should remove all doubt.

Generally speaking, in New Jersey a jury in a negligence case is not permitted to be informed that a defendant is covered by insurance against liability for damage. Patterson v. Surpless, E. & A.1930, 107 N.J.L. 305, 151 A. 754; and see Haid v. Loderstedt, App. Div.1957, 45 N.J.Super. 547, 133 A.2d 655. To follow plaintiffs' prescription in this case would inevitably inject testimony concerning the fact that defendants are insured against liability for damages, a matter not only unrelated to the cause of action itself, but in which the defendants could not help but be prejudiced thereby.

In deciding which issue should be tried first, it is necessary to place the issues in their proper focus. To try the main issue of negligence before determining whether the action is barred by the statute of limitations would not be logical. This, too, is emphasized by Professor Moore, in his discussion of Rule 42(b), when he observes in Moore's Federal Practice, 2d Edition, Vol. 5, § 42.03, at page 1214:

"It may be desirable in many situations to hold a hearing in advance of the main trial on certain defenses, such as jurisdiction and venue, *statute of limitations*, statute of frauds, license and invalidity of a patent, as well as various other defenses. *This is particularly true where the defense, if successful, would make it unnecessary to try other and more complicated issues*, or would limit the issues as to which testimony should be given." (Emphasis supplied.)

And see his discussion of cases in point under his footnote 9, also at page 1214, supra.

Finally, it might be observed that little, if any, delay will result from the ordering of a separate trial. As noted earlier, the complaint was filed on May 23, 1957. The issue of fraud relative to the statute of limitations will be placed on the nonjury calendar, presently contemplated to be reached in November, and there appears to be no reason why the jury trial, if there is to be one, should not be held within another month thereafter. This case therefore should be fully adjudicated before the expiration of about eight months from the date of its inception.

Defendants should submit an order in accordance with the foregoing, if plaintiffs consent as to form; otherwise, this order should be noticed for settlement on the next motion day, viz., November 4, 1957.