JOHN C. COOPER, RESPONDENT, v. CHARLES W. REIN-
HARDT, APPELLANT.

Submitted December 6, 1917—Decided February 18, 1918.

1. When the plaintiff visited the barroom of the defendant's hotel
   on the latter's implied invitation, it was the defendant's duty to
   use ordinary care to render his premises reasonably safe for the
   purpose.
2. The fact that a hotelkeeper knew that his entrance steps and
   platform were covered with snow and slush which were freez-
   ing, and did not within three and a half hours after the snow
   stopped falling have them cleared or otherwise cared for, but
   allowed a departing guest to use them in that condition to his
   injury, justifies a finding that the hotelkeeper was negligent.
3. In an action against the keeper of a hotel for an injury sus-
   tained by the plaintiff on his way out of the hotel in consequence
   of snow and ice upon the exit platform and steps, the fact that
   the plaintiff noticed, when he entered the hotel, that there was
   snow upon the steps and platform is not conclusive evidence that
   he was not in the exercise of reasonable care in attempting to
   use them several hours afterwards.

On appeal from the District Court of the third judicial
district of the county of Bergen.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellant, *Mackay & Mackay.*

For the respondent, *William J. Morrison, Jr.*

The opinion of the court was delivered by

TRENCHARD, J.    On March 5th, 1917, the plaintiff below,
while leaving the barroom of the defendant's hotel where he
had purchased some beer, slipped on a coating of ice which,
during the time the plaintiff was in the barroom, had formed
on the entrance platform and steps.    He fell to the ground
breaking two ribs.    The District Court judge, who sat with-

out a jury, gave judgment for the plaintiff. The defendant appeals.

We are of the opinion that the judgment must be affirmed.

We think it was open to the trial judge to find, as he did, that the defendant was negligent. The plaintiff visited the barroom of the defendant's hotel in compliance with the latter's implied invitation, and it was the defendant's duty to use ordinary care to render his premises reasonably safe for the purpose. *McCracken* v. *Meyers,* 75 *N. J. L.* 935.

Now, there was testimony from which the trial judge, if he saw fit, might find the following matters of fact: The plaintiff entered the defendant's premises about three-thirty P. M. The entrance was by means of six steps and a platform leading to the barroom door. It had been snowing and snow and slush were on the steps and platform. About that time it stopped snowing and grew colder. The defendant knew that the platform and steps needed cleaning and had caused them to be cleaned about three P. M., before the plaintiff entered. Nothing further was done in the way of cleaning or caring for them until five-forty-five P. M., when the hotel porter again began to clean them. The defendant himself describes what then occurred. He says: "I saw he was cleaning up and went and got him to go to supper. I don't know whether he did anything about them." About seven P. M. the plaintiff started to leave the premises and slipped on a coating of frozen snow or ice and fell. The testimony also tended to show that the snow and slush which were there when plaintiff entered had not been removed.

This testimony justifies the finding of the trial judge that the defendant failed to use ordinary care in keeping the entrance platform and steps reasonably safe on the occasion in question and that this caused the plaintiff's injury.

We also think that it cannot be said as a matter of law that the plaintiff was guilty of contributory negligence.

The fact that the plaintiff noticed when he entered the defendant's premises that there was snow upon the steps and platform, is not conclusive evidence that he was not in the

exercise of reasonable care in attempting to use the steps and platform several hours afterwards. *Andre* v. *Mertens,* 88 *N. J. L.* 626; *Dewire* v. *Bailey,* 131 *Mass.* 169; *Evans* v. *Utica,* 69 *N. Y.* 166. The plaintiff had a right to suppose, and, no doubt, did suppose, that the defendant had performed his duty with respect to this exit. The plaintiff had entered the premises several hours before, and meanwhile it had grown dark, and it is by no means certain that he saw the snow and ice as he started out.

The judgment below will be affirmed, with costs.