ESTELLE KLINSKY (NOW ESTELLE KLINSKY MASON) AND RAYMOND MASON, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. HANSON VanWINKLE MUNNING CO., INC., HANSON VanWINKLE MUNNING ATHLETIC ASSOCIATION, INC., SWEEPSTAKES REALTY CO., INC., JOSEPH CALLAHAN, PRESIDENT, ANTHONY SEBER AND LESLIE BATCHELOR, DEFENDANTS, AND PINES OF RARITAN TOWNSHIP, INC., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 17, 1956—Decided December 28, 1956.

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Robert V. Carton* argued the cause for appellant (*Messrs. Durand, Ivins & Carton,* attorneys).

*Mr. William J. O'Hagan* argued the cause for respondents (*Mr. Norman J. Currie,* attorney).

*Mr. Lawrence A. Carton, Jr.,* argued the cause for defendant Hanson VanWinkle Munning Athletic Association (*Messrs. Roberts, Pillsbury & Carton,* attorneys).

The opinion of the court was delivered by

JAYNE, J. A. D. In determining the consequences to be visited upon a litigant because of the tardiness of his attorney in complying with our rules of practice and procedure, Mr. Justice Jacobs aptly stated in *Martindell v. Martindell,* 21 *N. J.* 341, 349 (1956), that "justice to the litigants is always the polestar." The circumstances of the present appeal are somewhat unusual.

This action to recover compensatory damages for bodily injuries suffered by Mrs. Mason and for incidental losses incurred by her husband was prosecuted in the Law Division, Monmouth County, against seven defendants where, in response to motions to dismiss, a final judgment in favor of all of the defendants was entered on February 24, 1955. The plaintiffs' notice of appeal therefrom was filed 49 days thereafter, on April 14, 1955. Among the respondents was the defendant Pines of Raritan Township, Inc., the present appellant. An appendix and the briefs of the respective respondents were prepared and filed.

In the absence of any motion to dismiss the appeal by any of the respondents, November 21, 1955 was designated as the date for argument of the appeal before us. At the very inception of the debate a member of this Part invited the attention of counsel to the filing date of the notice of appeal. There was no intimation of any objection to the continued prosecution of the appeal voiced by counsel, no request by counsel for any action by the court relative to the slight tardiness in the filing of the notice, but rather an apparent acquiescence by all counsel in the presentation of the appeal to us for consideration on its merits. Manifestly implicit in our determination to recognize the appeal is our conclusion that in the circumstances there was no evident prejudice, the neglect was of an excusable nature, and there was good and reasonable cause for us in the exercise of our discretion to enlarge the time limitation within the spirit of the authority conferred by *R. R.* 1:27B.

The appeal was accordingly argued by counsel on the subjects specified in the briefs. Our decision, which affirmed

the judgment under review in its relation to the defendants Hanson VanWinkle Munning Co., Inc., Sweepstakes Realty Co., Inc., and Joseph Callahan, and reversed it as to the defendants Seber, Pines of Raritan Township, Inc., and Hanson VanWinkle Munning Athletic Association, Inc., is reported in 38 *N. J. Super.* 439 (*App. Div.* 1955).

A petition for certification was next presented to the Supreme Court on behalf of Pines and the Athletic Association, in support of which the first reason assigned by the petitioners was that "The Appellate Division did not have jurisdiction to decide the appeal." Significantly the petition was denied. 20 *N. J.* 534 (1956).

In preparation for the new trial of the plaintiffs' alleged causes of action against the three designated defendants, a supplemental pretrial conference was conducted, and counsel for the defendant Pines caused the following reservation to be inserted in the order:

"* * * Although the Court has been advised that petition for certification on the ground of the filing of the appeal out of time was denied, defendant Pines desires to reserve any right that it may have on that particular point, if any, *for appeal purposes only.*" (Italics ours)

In obedience to our mandate a retrial of four days' duration ensued, terminating in a judgment in favor of the plaintiffs against the defendant Pines of Raritan Township, Inc., awarding to Estelle Klinsky Mason damages in the amount of $4,000 and to her husband, Raymond Mason, in the sum of $1,000, and a judgment of no cause for action in favor of the two other defendants. The application of the defendant Pines for a new trial was denied.

The attack upon the present judgment is solely confined to the contention that in consequence of the failure of the plaintiffs to file the notice of appeal within the prescribed time, the Appellate Division lacked jurisdiction to issue the previous mandate, hence the prior judgment of dismissal of the plaintiffs' cause of action against the defendant Pines in which the defendant acquired a vested right remained

undisturbed and constituted *res judicata* of the issues of the retrial.

Although the belated filing of the notice of appeal was a circumstance sought to be stowed away by the supplementary pretrial order "for appeal purposes only," counsel for Pines utilized it as a ground in his motion for the dismissal of the action at the conclusion of the trial.

Assuredly the subject matter of an appeal to the Appellate Division from the judgment of dismissal in the Law Division was within the area of the general jurisdiction of the former. Counsel for the parties invoked and participated in the consideration of the appellate review of the judgment on its merits. Neither in the petition for certification addressed to the Supreme Court, nor in the record submitted in the present appeal, does the appellant disclose that it suffered any prejudice whatever by the delay of merely four days in filing the notice of appeal. Indeed, we are informed that the notice was *served* upon counsel for the respondent Pines within the period of 45 days, but its *filing* was four days beyond that limitation. And so, counsel for the appellant are jostled by the facts into a position from which they must insist that this Division never acquired jurisdiction of the former appeal and jurisdiction could not be supplied by waiver or consent.

*R. R.* 1:27*B*, effective September 8, 1954, which was then applicable to the institution of the appeal, enabled this Division to grant an extension for a period not exceeding 30 days from the expiration of the time permitted in the rules upon a clear showing of a good cause and the absence of prejudice, or if the failure to comply with the specified time limitation was the result of excusable neglect.

The lawful bestowal of power to act in a stated particular is indicative of the endowment of jurisdiction. To say that an appellant jeopardizes his positive right to prosecute a timely appeal after the expiration of 45 days has logic, but to assert that notwithstanding *R. R.* 1:27*B* the appellate tribunal was denuded of its jurisdiction after the lapse of 45 days seems fanciful.

Decisions applicable to the import of previously existing rules such as *In re Pfizer's Estate,* 6 *N. J.* 233 (1951); *Stern v. Glassen,* 10 *N. J.* 596 (1952), are obviously detached from the pertinent amendatory rules of a distinctly divergent signification subsequently promulgated.

 Our Supreme Court on many occasions has definitely announced that our rules of practice and procedure are intended to facilitate and promote justice, not to prevent it. *Vide, State v. Petrolia,* 21 *N. J.* 453 (1956); *Sanders v. Cuba Railroad Co.,* 21 *N. J.* 78, 88 (1956), of recent date. Notice, also, the amendment to the rule, effective September 5, 1956, permitting the application for the extension of time to be made "at any time," provided the notice of appeal was actually filed within the time enlarged by the court.

 Here, by virtue of the then effective rule, this Division was clothed with jurisdiction to recognize and entertain the appeal during the period of 75 days after the entry of the final judgment. The notice of appeal was in fact filed well within that interval. Implicit in the occurrences is the waiver by the respondent Pines of an application to dismiss the appeal. In the interest of justice the appeal was heard and determined. *Martindell v. Martindell, supra.*

Since no additional ground for reversal is presented, we conclude that the judgment presently under review should be affirmed.