86 N.J. Super. 1 (1964)
205 A.2d 746
CLAIRE BATES AND JOHN BATES, PLAINTIFFS-APPELLANTS,
v.
VALLEY FAIR ENTERPRISES, INC., T/A VALLEY FAIR DISCOUNT CENTER, VALLEY FAIR-TRENTON, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1964.
Decided December 18, 1964.
*3 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. Lewis C. Stanley argued the cause for appellants.
Mr. H. Curtis Meanor argued the cause for respondent (Messrs. Lamb, Blake, Hutchinson & Dunne, attorneys; Mr. Meanor and Mr. Paul B. Thompson, of counsel).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Plaintiffs appeal from a final judgment based upon a verdict of no cause of action and from the denial of subsequent motions for a new trial and for judgment n.o.v.
The action was for personal injuries sustained by plaintiff wife as a result of a fall on the parking lot of defendant's shopping center located on Olden Avenue Extension, Ewing Township. On the day of the accident she set out from her home on a shopping trip to defendant's supermarket. She drove to the home of her sister and then accompanied her sister and her niece to the defendant's premises.
Defendant's parking lot had a capacity of some 750 cars and permitted parking all around the building. There were no special lanes for walking and no attendants. Plaintiff was *4 looking for a parking place as close to the front of the store as possible. When she observed one which seemed to be vacant, she asked her sister, who was driving, to stop. She then disembarked and began to walk towards the front of the car. As she continued walking and motioning with her left hand for her sister to drive into the empty space, she slipped and fell on what she described as icy patches on the pavement, sustaining the injuries for which she sued. Her husband joined per quod.
It was undisputed that there had been a rather heavy fall of snow on December 11 and 12 during the prior week. There had been a lighter fall on December 16, 1960, the day before the accident. The weather at the time of the accident was clear and cold, and plaintiff testified on direct examination that the streets and sidewalks were clear, the snow having been removed. When she reached the parking lot she found that the snow had been plowed and was pushed back against the sides of the lot. There were no signs prohibiting the use of the lot or cautioning regarding the use thereof.
Witnesses for the defendant testified that on December 11 and 12 the store had been closed due to the storm. Thereafter, a snow removal contractor cleared the parking lot with bulldozers after which the area was covered with cinders. There was also testimony that on December 17, following the snowfall of the prior day, cinders and salt were spread on the entire parking lot.
At the conclusion of the evidence plaintiff's attorney moved to strike the defense of contributory negligence and for an adjudication of defendant's negligence as a matter of law. Both motions were denied. Defendant's motion for judgment was likewise denied. The jury's verdict was that: "We find no cause for action. Contributory negligence on the part of both parties." Thereupon a motion for a new trial and judgment n.o.v. was made, argued and denied. The present appeal followed.
Plaintiff urges three grounds for reversal: (1) defendant's negligence had been established as a matter of law and should *5 not have been submitted to the jury; (2) plaintiff's contributory negligence was erroneously submitted to the jury; and (3) prejudicial error in the charge. However, before passing upon these contentions, we turn to consideration of defendant's motion to dismiss for failure of the appellants to file notice of appeal within the period provided by R.R. 1:3-1(b), and plaintiff's motion for an extension of time pursuant to R.R. 1:27A and 1:27B(d).
The verdict was rendered on April 30, 1963 and judgment was entered by the clerk on May 2, 1963. While the notice of appeal was not filed with the clerk until July 8, 1963, the time for appeal had been tolled by the motion for a new trial and for judgment n.o.v., which was served on May 9 and determined and denied by order filed with the clerk on May 28, 1963. R.R. 1:3-3(f). The notice of appeal was served upon the attorneys for defendants on July 5, 1963, but the wife of counsel for the plaintiff, who was assisting him while he was in the process of moving his offices, was not aware of the summer closing hours for state offices and arrived at the clerk's office too late to file it on that day. It was filed on Monday, July 8, the next day the office was open. It would thus appear that 48 days elapsed between the date of the entry of judgment and the date of the filing of the notice of appeal with the clerk as required by R.R. 1:2-8(a). In support of defendant's motion for dismissal counsel cites In re Nuese, 15 N.J. 149 (1954); State v. Newman, 36 N.J. Super. 506 (App. Div. 1955), and In re Pfizer, 6 N.J. 233 (1951).
We are in accord that the interests of justice call for the allowance of the extension. Martindell v. Martindell, 21 N.J. 341, 348-350 (1956); In re Erie Railroad System, 19 N.J. 110, 140-141 (1955); In re Syby, 66 N.J. Super. 460 (App. Div. 1961); see also, State v. Petrolia, 21 N.J. 453, 457 (1956); Hodgson v. Applegate, 31 N.J. 29 (1959); Klinsky v. Hanson Van Winkle Munning Co., 43 N.J. Super. 166 (App. Div. 1956); Alberti v. Civil Service Commission, 78 N.J. Super. 194 (App. Div. 1963). We are satisfied that *6 defendant was in no wise prejudiced by the delay in filing and, as will be pointed out infra, that the appeal presents questions of substantial merit for determination. We are equally well satisfied that the failure of counsel's wife to arrive at the clerk's office before summer closing time may be considered as good cause within R.R. 1:27B(d). The motion is accordingly granted and we turn to consideration of the merits.
Plaintiffs' first point is that the negligence of the defendant had been established as a matter of law and should not have been submitted to the jury. They urge that the parking lot in question was a part of the common passageways connected with defendant's shopping center and that it was its duty to exercise reasonable care to keep it free of ice and snow. Since the defendant in its answers to interrogatories conceded that there was some snow on the pavement of the parking lot and, admittedly, there was no warning of its presence given to those invited thereon, they contend that there remained no factual issue for the jury's determination. In support they cite Gellenthin v. J. & D., Inc., 38 N.J. 341, 353 (1962); Skupienski v. Maly, 27 N.J. 240, 248-9 (1958); Krug v. Wanner, 28 N.J. 174, 179-184 (1958); Merkel v. Safeway Stores, Inc., 77 N.J. Super. 535 (Law Div. 1962). The defendant urges, contra, that it was a jury question as to whether the measures taken by it amounted to reasonable care under the circumstances.
We find no merit to plaintiffs' contention. The parking area was an integral portion of defendant's shopping center. As such, defendant owed to business invitees the duty of exercising reasonable care to maintain it in a reasonably safe condition. Nelson v. Great Atlantic & Pacific Tea Co., 48 N.J. Super. 300, 306 (App. Div. 1958). See also Annotation, "Liability of Owner or Operator of Parking Lot or Station for Personal Injuries," 14 A.L.R.2d, 780 (1950). As part of this general obligation, defendant was under a duty to exercise reasonable care to keep it free of ice and snow. Cf. Skupienski v. Maly, supra, at p. 249; Merkel v. Safeway *7 Stores, Inc., supra, at p. 540. See also Fitz Simons v. National Tea Co., 29 Ill. App.2d 306, 173 N.E.2d 534 (App. Ct. 1961); Evans v. Sears, Roebuck & Co., 104 S.W.2d 1035 (Mo. Ct. App. 1937). In view of the contradictory testimony, whether reasonable care was exercised became a question of fact to be determined by the jury.
The cases cited by the plaintiff do not hold otherwise. In Gellenthin the uncontroverted proofs indicated that defendant's leader pipe was constructed in such a manner that water from it was discharged in mid-air, ran across the sidewalk and froze. In Skupienski v. Maly, Krug v. Wanner and Merkel v. Safeway Stores, Inc., the question of defendant's negligence was held to be for the jury.
We are likewise satisfied that the contributory negligence of Mrs. Bates was properly submitted to the jury. Counsel argues that she had the right to assume that the way was safe and, in submitting the issue of contributory negligence to the jury, the court deprived her of the right to rely on this assumption. We disagree. Mrs. Bates came to the premises as a business invitee. The evidence supports her contention that she was using the parking lot in the manner in which it was intended that it be used. Defendant was required to exercise ordinary care to render the premises reasonably safe. Nelson, supra, at p. 305. She had the right to assume that it had performed this duty. Cooper v. Reinhardt, 91 N.J.L. 402, 404 (Sup. Ct. 1918). Yet some degree of observation was required of her. She knew that it had snowed the week before and again on the day before the accident. She had observed snow banked along the streets and at the sides of the parking lot. The temperature that day varied from 20° to 34° F. As an apparent concession to the weather, she was wearing rubber boots. The accident occurred in the daytime and there was no testimony of any interference with her vision. Clearly, she was required to exercise reasonable care for her own safety as she walked along. This included the making of such observations as were reasonably called for by the circumstances. What degree *8 of observation would be reasonable under the circumstances was a question for the jury. Marx v. Standard Oil Co. of New Jersey, 6 N.J. Super. 39 (App. Div. 1949); Groener v. F.W. Woolworth Co., 131 N.J.L. 311 (E. & A. 1944); Hansen v. Brown, 123 N.J.L. 223 (E. & A. 1939); and Sulton v. Lerner Stores Corp., 10 N.J. Misc. 1126, 162 A. 645 (Sup. Ct. 1932).
It is urged that Taverna v. City of Hoboken, 43 N.J. Super. 160, 164 (App. Div. 1956), certification denied 23 N.J. 474 (1957); McManus v. New Jersey Water Co., 22 N.J. Super. 253, 261-262 (App. Div. 1952), and Krug v. Wanner, supra, at p. 183, are authority to the contrary. But in each of these cases the court was concerned with the defendant's obligation to one using the sidewalk in the exercise of the paramount public easement. See Skupienski v. Maly, supra, at pp. 248 and 249. They likewise involved artificial dangers placed in the sidewalk. Citro v. Stevens Institute of Technology, 55 N.J. Super. 295 (App. Div. 1959). Here we are concerned with the duties and obligations existing between a landowner and a business invitee who sustains injury on a portion of the premises maintained for the use of customers. The obligation of defendant to render the premises reasonably safe for its patrons, on which the plaintiff relied, carried with it the duty of exercising reasonable care for her own safety. Cf. Milstrey v. City of Hackensack, 6 N.J. 400, 414 (1951); Kahn v. King Petroleum Corp., 13 N.J. Super. 334, 340 (App. Div. 1951); Citro v. Stevens Institute of Technology, supra, at p. 303.
We turn next to plaintiff's contention that the trial court committed prejudicial error in its charge as to contributory negligence. Towards the end of the court's main charge the jury was instructed as follows:
"If you find that the plaintiff had prior knowledge of the condition which caused the injury complained of, you must find the plaintiff guilty of contributory negligence and you must then return a verdict for the defendant of no cause for action." (Emphasis added)
*9 and further:
"One thing further in this connection. If you find the condition complained of was such that the plaintiff by a reasonable use of her faculties, would have observed it prior to the accident, then you must return a verdict for the defendant of no cause of action." (Emphasis added)
The quoted excerpts were taken from defendant's requests to charge. The first appears to have been based upon Ferrie v. D'Arc, 31 N.J. 92 (1959), and the second upon Berger v. Shapiro, 30 N.J. 89 (1959).
Defendant urges that consideration by us of the asserted errors in the charge is precluded by the failure of the plaintiff to properly object thereto, as required by R.R. 4:52-1. While the objections to the charge are framed somewhat inartistically, we are satisfied that there was a substantial compliance with the rule. Thus counsel stated:
"Your Honor charged the defendant's A-1, A-2, A-3, A-4 and F-3 and R-6. These dealt principally with contributory negligence. R-6 I believe is an incorrect statement of the law. It is alleged to be a quotation from Berger versus Shapiro.
The rest of the charge is derived from cases which are totally inapplicable. Here we have a situation where there is no proof of contributory negligence whatsoever. The charges are improper because in view of your Honor's charge that she had no duty, she had no duty to look out for danger, she had a right to assume there were no impediments and pitfalls, the charges become confusing, contradictory, and therefore improper."
We conclude that the quoted excerpts were sufficient to alert the court to the fact that the plaintiff objected to the charge and the reason therefor. Jelinek v. Sotak, 9 N.J. 19, 26 (1952); cf. Wilson v. Savino, 10 N.J. 11, 19 (1952).
We likewise conclude that the plaintiff's criticism of the quoted portion of the charge is well founded. The measure of the performance of the plaintiff's duty of reasonable care for her own safety was not confined to whether she observed or should have observed the condition referred to, but, in passing upon her asserted contributory negligence, her conduct was to be considered in its totality.
*10 In the absence of any statement to the contrary, we assume that when the trial court referred to the "condition" it had reference to the presence of a patch or patches of ice in plaintiff's path of travel. Since the record before us is devoid of evidence that she had prior knowledge of this condition, there was no reason at all for charging the first quoted excerpt. The second excerpt, while applicable to the issues, was clearly erroneous. There was no evidence to impugn her status as a business invitee. As pointed out, supra, she was required to exercise reasonable care for her own safety. This included the duty of making a reasonable observation as she walked along. In the event that she observed a condition which presented some hazard, or would have observed it in the exercise of reasonable care, the jury, before it could find her guilty of contributory negligence, was required to determine whether a reasonably prudent person, with knowledge of the condition, would have proceeded ahead as did the plaintiff, and whether she exercised reasonable care in the manner in which she proceeded. Shipp v. Thirty-Second St. Corp., 130 N.J.L. 518, 523 (E. & A. 1943); Doherty v. Trenton Trust Co., 42 N.J. Super. 398, 403 (App. Div. 1956); Coffey v. Middlesex-Spotswood, Inc., 52 N.J. Super. 39, 42-43 (App. Div. 1958); cf. Taneian v. Meghrigian, 15 N.J. 267, 282 (1954); Benton v. Y.M.C.A. of Westfield, 47 N.J. Super. 372, 375 (App. Div. 1957); Cooper v. Reinhardt, supra, at p. 403; Pona v. Boulevard Arena, 35 N.J. Super. 148, 154-156 (App. Div. 1955).
In Shipp v. Thirty-Second St. Corp., plaintiff had fallen upon a slippery floor. It was contended that she was guilty of contributory negligence because she had elected to proceed although, from her observation of the floor before she fell, she could see that it might be slippery. In rejecting this contention the court held:
"With respect to the matter of the alleged contributory negligence, we conclude, as has been hereinbefore indicated, that the plaintiff's conduct was, under the proof, a question for the jury, as to whether or not under all the circumstances she exercised reasonable care for *11 her own safety. Her testimony is that her first view of the premises led her to fear they may be slippery. Until she used the floor and had the opportunity to test it by walking on it, there might be a reasonable difference of opinion as to what course to pursue in the interest of safety. The store was open to customers. She was there on a purchasing errand. Other people were in the store. Was it unreasonable for her to infer that despite the appearance of the floor it might still not be too dangerous to traverse? We think such a question is a proper one for a jury to resolve, * * *.
* * * It presented the common question of what the ordinarily prudent person in the given circumstances would do in the exercise of reasonable care for his or her own safety. Solomon v. Finer, 115 N.J.L. 404. * * *" at pp. 523, 524
In Doherty v. Trenton Trust Co., the plaintiff had slipped and fallen on the wet floor of a corridor in defendant's building. She had previously noticed that the floor was slippery and wet and had a highly polished finish. It was contended by the defendants that, having observed the condition of the floor and thereafter proceeded to walk upon it, she had assumed the risk and was barred from recovery. In the cited case assumption of risk was asserted as an affirmative defense, indistinguishable in its nature from contributory negligence. Meistrich v. Casino Arena Attractions, Inc., 31 N.J. 44 (1959). In disposing of the contention thus made, it was held:
"* * * The principle of assumption of risk contemplates that one with knowledge of a risk, or of facts sufficient to put a reasonably prudent person on notice of risk, must exercise the degree of care that the risk requires; but it is not intended that because a person observes a potentially dangerous condition in a passageway he necessarily assumes the risk of any injury which might be incurred in traversing the passageway, even where injury results therefrom. Shipp v. Thirty-Second St. Corp., 130 N.J.L. 518 (E. & A. 1943); Halpern v. Barbara Holding Corporation, 5 N.J. Super. 87 (App. Div. 1949); 1 Stevenson, Negligence in the Atlantic States, § 124, p. 222; Prosser on Torts (2d ed.) c. 10, § 55, p. 309.
Thus, it is not sufficient merely to establish that the condition was observed  we must determine whether a reasonably prudent person would then continue through the corridor and, if so, what degree of care should be exercised, bearing in mind that a reasonably prudent person is not to be `endowed with attributes which properly belong to a person of exceptional perspicuity and foresight.' Battaglia v. Norton, 16 N.J. 171, 179 (1954). * * *" at p. 403
*12 In Coffey v. Middlesex-Spotswood, Inc., plaintiff, a sheet metal worker employed by a contractor, had fallen on the job by reason of the absence of front steps from a partially completed house in a housing development. The action was dismissed at the close of plaintiff's case on the ground of assumption of risk. In reversing, it was held:
"* * * It suffices for present purposes to point out that the better reasoned viewpoint is that in the situation where the facts proven permit the inference that the defendant has breached a positive duty to the plaintiff, such as, in the present case, that of exercising ordinary care to render the premises in which plaintiff was to work reasonably safe for such activity (Gudnestad v. Seaboard Coal Dock Co., 15 N.J. 210 (1954)), the mere knowledge by the plaintiff that there is a degree of risk in his use of the premises does not as a matter of law bar his action for injuries under the theory of assumption of risk. Such knowledge and the degree of risk assumed go only in such case to the issue of plaintiff's contributory negligence, and the overall factual issue is the reasonableness of plaintiff's exercise of care for his own safety in the light of all the attendant circumstances, including availability of safer alternatives and the employment exigencies leading to the exposure to the risk. The fact of exposure to hazard is only one element of plaintiff's behavior to be weighed in such case. See 2 Harper and James, The Law of Torts (1956), § 21.1, p. 1162 (`Assumption of risk in a secondary sense'); Pona v. Boulevard Arena, 35 N.J. Super. 148 (App. Div. 1955), certification denied 19 N.J. 326 (1955); Doherty v. Trenton Trust Co., 42 N.J. Super. 398 (App. Div. 1956); Benton v. Y.M.C.A. of Westfield, 47 N.J. Super. 372 (App. Div. 1957), reversed on another ground in 27 N.J. 67 (1958)." (at p. 43; emphasis added)
Defendant argues that the criticized excerpt was not directed to the question of contributory negligence at all, but had reference to the duty or obligation owing to the plaintiff. We find this contention to be without merit. The quoted excerpt follows directly after three other paragraphs of the charge referable to the question of contributory negligence. By its prefatory words, "One thing further in this connection" (emphasis added), it referred directly to these paragraphs and could hardly have been considered otherwise by the jury. Additionally, Berger v. Shapiro, on which it was based, did not concern the duty owing to a business invitee but involved the liability of a host to a social guest
*13 In summary, the only condition to which this portion of the court's charge could have applied was the presence of patches of ice on the parking lot. The presence of ice on streets, sidewalks and walkways is a matter of common knowledge. Even when such a condition is observed on a parking lot, the mere fact that one elects to proceed, does not make mandatory a finding of contributory negligence. It is for the trier of the facts to determine what the ordinarily prudent person in the exercise of reasonable care would have done under the circumstances. Shipp v. Thirty-Second St. Corp., supra, at p. 524. The issue here was not merely whether the plaintiff observed or, in the exercise of reasonable care, would have observed the condition, but, also, whether a reasonably prudent person, faced with such a condition would have elected to proceed and whether, as she was proceeding, she exercised reasonable care. Doherty v. Trenton Trust Co., supra, at p. 403. The jury by its verdict apparently found the defendant guilty of negligence. It was precluded from properly evaluating the evidence bearing upon plaintiff's asserted contributory negligence by the erroneous instruction given.
The conclusions thus reached render it unnecessary to pass upon the remaining points urged.
Reversed and remanded.