**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1733-17T4

FOLUSHO OYEBOLA,

     Plaintiff-Appellant,

v.

WAL-MART STORES, INC., and
TREE FELLAS, LLC,

     Defendants-Respondents.

_____

     Argued telephonically January 8, 2019 –
     Decided February 25, 2019

     Before Judges Yannotti, Gilson, and Natali.

     On appeal from Superior Court of New Jersey, Law
     Division, Mercer County, Docket No. L-0206-16.

     Victoria A. Schall argued the cause for appellant (Law
     Offices of Adam M. Kotlar, attorneys; Victoria A.
     Schall, on the brief).

     Vicki Shea Connolly argued the cause for respondents
     (Bolan Jahnsen Dacey, attorneys; Vicki Shea Connolly,
     on the brief).

PER CURIAM

Plaintiff slipped and fell in a Wal-Mart parking lot while it was snowing. She appeals from an October 30, 2017 order granting summary judgment to defendants Wal-Mart Stores, Inc. (Wal-Mart) and Tree Fellas, LLC (Tree Fellas), which had a contract to remove snow and ice from Wal-Mart's parking lot. Plaintiff also appeals from a December 8, 2017 order denying reconsideration of the October 30, 2017 order. We affirm because the undisputed facts established that neither defendant breached a duty of care to plaintiff.

I.

We take the facts from the summary judgment record, viewing them in the light most favorable to plaintiff. Plaintiff fell on February 3, 2014, during a snowstorm. According to an expert report on the weather, a winter storm developed early on that day and continued into the afternoon. Rain changed over to snow after 5 a.m., the snow became heavy by 8 a.m., heavy snow continued until approximately 2 p.m., with intermittent snow showers between 2 p.m. and 6 p.m. Total snow accumulations exceeded eight inches.

The Wal-Mart store opened at 6 a.m. on February 3, 2014. The snow removal crew from Tree Fellas arrived sometime between 6 a.m. and just after 7 a.m. The crew then worked to remove snow and ice until sometime after 9

a.m. At his deposition, the owner of Tree Fellas described the procedures that he and his crew followed in removing the snow from Wal-Mart's parking lot on February 3, 2014. He explained that he had between two and four snow plowing trucks at the store and that one of the trucks had a salt spreader. The crew began by plowing the entrance from the public road. The trucks then plowed the roadways leading to the store and, thereafter, "zigzagged" around the parking lot. One truck would also spread salt on the cleared areas. The owner of Tree Fellas also explained that there were already cars in the lot when he and his crew arrived. Accordingly, the crew would wait until a car left and, if there was sufficient space, the truck would "back drag" the space to clear the snow.

Plaintiff arrived at the Wal-Mart store at approximately 8 a.m., while it was snowing. She parked her car, went into the store, and shopped for approximately forty-five minutes. Around 8:45 a.m., plaintiff left the store and walked back to her car while it was still snowing. Plaintiff fell as she was walking between her car and the car parked next to her car. According to plaintiff, she slipped on built-up snow and ice between her car and the car parked next to hers. As a result of her fall, she suffered fractures of the base of the second, third, and fourth metatarsals of her right foot.

A-1733-17T4

In January 2016, plaintiff sued Wal-Mart and Tree Fellas alleging negligence. The parties engaged in discovery and, in October 2017, defendants moved for summary judgment. Defendants contended that there was a lack of evidence from which a jury could determine that they had breached a duty of care to plaintiff because she fell on snow while it was snowing and they did not have a duty to remove all the snow until a reasonable time after the snow stopped falling.

After hearing oral argument, the trial court granted summary judgment reasoning that no rational jury could find defendants were negligent because plaintiff fell during an ongoing snowstorm when Tree Fellas was already at the location engaged in snow removal efforts. Accordingly, on October 30, 2017, the trial court entered an order granting summary judgment to defendants and dismissing plaintiff's complaint. Thereafter, plaintiff moved for reconsideration. Finding that plaintiff failed to meet the grounds for reconsideration, on December 17, 2017, the court entered an order denying the motion. Plaintiff now appeals.

II.

On appeal, plaintiff argues that the trial court failed to consider binding legal authority that should have allowed her claim to proceed to a jury. She also

4                                                                                    A-1733-17T4

argues that the court ignored material fact disputes that should have precluded summary judgment in favor of defendants. Finally, plaintiff contends that the trial court ignored the opinions of her proposed expert and should have allowed her claims to proceed to a jury.

We review a trial court's decision to grant summary judgment de novo, using the same standard the trial court applies. Townsend v. Pierre, 221 N.J. 36, 59 (2015) (citing Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014)). A court should grant summary judgment if the record establishes there is "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

An issue of fact is genuine if "considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid. Furthermore, "[i]f there exists a single, unavoidable resolution of the alleged disputed issue of fact, that issue should be considered insufficient to constitute a 'genuine' issue of material fact for purposes of Rule 4:46-2." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).

A-1733-17T4

Here, plaintiff asserted a negligence claim against defendants. To prevail on such a claim, plaintiff must establish that: (1) defendants owed her a duty of care; (2) defendants breached that duty; (3) the breach was a proximate cause of her injury; and (4) plaintiff sustained actual damages. Townsend, 221 N.J. at 51 (quoting Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008)).

Defendants do not dispute that they owed plaintiff a duty to exercise reasonable care because she was a business invitee of Wal-Mart at the time of the accident. They argue, however, that plaintiff's negligence claim fails as a matter of law because she cannot show that they breached that duty. We agree.

Business owners, such as Wal-Mart, owe invitees "a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003) (citing Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 433 (1993)). That duty "requires a business owner to discover and eliminate dangerous conditions" as well as "maintain the premises in safe condition." Ibid. (citing O'Shea v. K. Mart Corp., 304 N.J. Super. 489, 492-93 (App. Div. 1997)).

The area to which this duty applies "extends to the premises' parking lot[.]" MacGrath v. Levin Props., 256 N.J. Super. 247, 250 (App. Div. 1992) (citing Picco v. Fords Diner, Inc., 113 N.J. Super. 465, 467 (App. Div. 1971)).

A-1733-17T4

Accordingly, a business owner is "under a duty to exercise reasonable care to keep [its parking area] free of ice and snow." Bates v. Valley Fair Enters., Inc., 86 N.J. Super. 1, 6 (App. Div. 1964). It has long been recognized, however, that commercial landowners have a reasonable time in which to act to clear snow and ice from walkways. See Bodine v. Goerke Co., 102 N.J.L. 642 (E. & A. 1926) (holding that a property owner could not be liable for failing to remove slush or ice from the entrance to a store while the storm was still ongoing).

In this case, it is undisputed that the snowstorm was ongoing when plaintiff slipped and fell while walking between her car and the car that was parked next to her car. Indeed, plaintiff acknowledged that it was snowing when she arrived, and it was still snowing when she left the store and walked back to her car. It was also undisputed that a crew from Tree Fellas was on site at the time that plaintiff fell and they were engaged in snow-removal activities. Given those undisputed facts, defendants were not obligated to remove snow and ice between parked cars until the cars either moved or the snow stopped falling and defendants had a reasonable time to remove the snow.

III.

Plaintiff argues that defendants and the trial court erroneously relied on a local municipal ordinance, which provided that business owners or tenants had

to remove all snow and ice from sidewalks, streets, and parking areas used by the public or business invitees within twenty-four hours after the snow fell or the ice formed. Plaintiff goes on to argue that municipal ordinances do not create a tort duty and the trial court ignored case law stating that proposition in granting summary judgment to defendants.

The trial court did not, however, rely on the ordinance as creating a tort duty or as creating the time for reasonable action. Instead, the court noted that the ordinance existed and the ordinance was consistent with the principle that commercial property owners have a reasonable period of time to remove snow and ice.

Plaintiff also argues that defendants had a duty to pre-treat certain areas in the parking lot and to clear snow using a procedure where sections of the lot would be roped off, snow would be removed, and the plowing activity would then move to another section. In support of that position, plaintiff submitted a liability expert report. The expert contended that Wal-Mart did not establish a procedure with Tree Fellas to clear the parking lot in a sequential manner so as to provide customers with safe conditions for entering and leaving the store. Plaintiff argues that the positions presented by its liability expert created

genuine issues of material fact as to whether defendants acted reasonably in clearing the snow.

Even if the opinions of plaintiff's liability expert are considered, those opinions do not create a genuine issue of material fact. The material fact is that it was snowing at all times while plaintiff was present at Wal-Mart. Thus, even if defendants had followed the procedures suggested by plaintiff's liability expert, snow still would have fallen for at least forty-five minutes between plaintiff's car and the car that was parked next to hers while she was in the store. Defendants' duty to remove the snow between the cars did not arise until some reasonable passage of time allowing them to take action.

Finally, plaintiff contends that there were other material issues of disputed fact that should have precluded summary judgment. She asserts that those issues included (1) whether Tree Fellas arrived early enough to begin the snow-removal operations; (2) whether Wal-Mart should have remained open; (3) whether defendants should have pre-treated the parking lot, including parking spaces; (4) whether defendants complied with their snow-removal contract; and (5) whether defendants' snow-removal procedures were reasonable.

A-1733-17T4

Those issues, however, are also not genuine issues of material fact. The undisputed material fact remains that it was snowing and defendants are afforded a reasonable period of time to remove the snow.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION