**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3392-17T2

TERRENCE SCOTT and
SUZANNE SCOTT, husband
and wife,

      Plaintiffs-Appellants,

v.

THE MERCER COUNTY
IMPROVEMENT AUTHORITY,
THE MERCER COUNTY BOARD
OF CHOSEN FREEHOLDERS,
and THE MERCER COUNTY
DEPARTMENT OF TRANSPORTATION
AND INFRASTRUCTURE,

      Defendants,

and

GLOBAL SPECTRUM, LLC, and
COMCAST SPECTACOR, d/b/a
SUN NATIONAL BANK CENTER,

      Defendants-Respondents.

_____

Submitted December 17, 2018 – Decided April 10, 2019

Before Judges Haas and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1157-16.

Williams Cedar, LLC, attorneys for appellants (Alan Sklarsky and David Cedar, on the brief).

Hueston McNulty, PC, attorneys for respondents (Samuel J. McNulty, on the brief).

PER CURIAM

Plaintiffs Terrence Scott and Patricia Scott[1] appeal from the entry of a summary judgment order dismissing their complaint against defendant Global Spectrum. The action arose from plaintiff's slip and fall accident during a snowstorm, while he was leaving a concert at the Sun Bank National Arena (the Arena), promoted by defendant. Because we conclude there was a genuine factual dispute as to whether reasonable steps were taken to remove snow and ice, we reverse and remand for trial.

We summarize the following facts from the record, viewing "the facts in the light most favorable to [plaintiff,] the non-moving party." Globe Motor Co. 23 v. Igdalev, 225 N.J. 469, 479 (2016) (citing R. 4:46-2(c)).

---

[1] Since Suzanne Scott's claim is wholly derivative of her husband, Terrence Scott's claim, we use the singular "plaintiff" to refer to Terrence.

A-3392-17T2

On Valentine's Day in 2015, plaintiff and his daughter attended a concert at the Arena in Trenton. Upon their arrival around 7:00 p.m., it was not snowing. At approximately 9:30 p.m., a snowstorm hit the Trenton area, lasting through midnight. When they left the Arena at the end of the show around 11:00 p.m., there were blizzard-like snow conditions. The sidewalk was snow-covered, without any indication that anyone had plowed or shoveled the snow.

While walking to his car, about ten to twenty feet from the Arena's entrance/exit, plaintiff claims that he slipped on a "thin ice" covered by "heavy slippery powder . . . type of snow." Both of his feet came out from underneath him, causing him to fall backwards onto his lower back and right shoulder. He was able to get up with help from his daughter, and drove home. He eventually had surgery to repair a rotator cuff tear on his right shoulder, and maintains the shoulder is permanently injured.

After plaintiffs filed suit, discovery revealed that the Mercer County Improvement Authority (MCIA) oversaw the management of the facility through an arrangement with its owner, the County of Mercer (the County). Under an agreement with MCIA, defendant was obligated to "completely operate and manage the Arena with respect to all [of its] activities . . . ." Defendant was responsible for cleaning and maintaining the Arena, including

"the entrances, ground, and sidewalks (but not parking areas) surrounding the [f]acility and adjacent thereto." The agreement specifically called for defendant to be responsible for "snow and trash removal costs."

Nonetheless, based on an informal agreement with defendant, the County, through its Department of Transportation, voluntarily removed snow and ice at the Arena at no cost to defendant. Consequently, in anticipation of the storm, at approximately 8:00 p.m., the County dispatched a crew of five employees to perform snow and ice removal operations at the Arena. Another County employee had initiated snow removal operations at about 3:00 p.m. Deposition testimony did not reveal whether any County employee pretreated the sidewalks or the area of plaintiff's accident, before or during the storm. Plaintiff's fall occurred in an area outside of the Arena that defendant was required to maintain.

Following the dismissal of claims against the County and MCIA under the Tort Claims Act[2] immunities, defendant moved for summary judgment arguing that it was not liable because it acted reasonably and did not breach a duty of care to plaintiffs. At the conclusion of oral argument, the motion judge placed his decision on the record and entered his order granting defendant's motion.

---

[2] N.J.S.A. 59:1-1 to 12-3.

In their appeal of summary judgment to defendant, plaintiffs initially argue the motion judge "essentially relieved [defendant] of its duty of care to plaintiff because Mercer County, as owner and landlord, undertook snow removal responsibility." They contend the judge erred in finding "that the agreement between the [MCIA] and [defendant] did not impose a snow removal duty[]" upon defendant. We disagree.

In a negligence action, a plaintiff bears the burden of proving four elements: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages. D'Alessandro v. Hartzel, 422 N.J. Super. 575, 579 (App. Div. 2011) (citation omitted). The mere occurrence of an incident causing an injury is not alone sufficient to impose liability. Long v. Landy, 35 N.J. 44, 54 (1961). A plaintiff must establish facts proving negligence, not inferences "based upon a foundation of pure conjecture, speculation, surmise or guess." Ibid. A defendant owes a duty of reasonable care to a business invitee against any dangerous conditions on its property that were known or should have been discovered. Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993).

The judge here recognized that under its management and operation agreement with MCIA, defendant owed a duty to plaintiff, a business invitee, to maintain the area of the Arena where he slipped and fell in a safe condition. See

5

O'Connell v. N.J. Sports & Exposition Auth., 337 N.J. Super. 122, 128-29 (App. Div. 2001) (citations omitted) ("[A] lease agreement between the lessor and lessee, or landlord and tenant, may fix the respective duties and allocate respective costs for repair and maintenance as between the lessor and lessee; however, no provision of a lease can absolve a lessee or tenant as against a third party from the tenant's duty to maintain the premises in a reasonably safe condition."). The judge found that defendant "had an obligation to the safety of its concert-going public and that they undertook salting of [the] immediate entrance to the property and would be responsible for the conditions and security within the arena itself, but the snow removal activities were undertaken by Mercer County."

Hence, in deciding summary judgment, the judge acknowledged that the issue to determine was whether a "reasonable jury [could] find that there was negligence here vis-à-vis snow removal activities." The judge determined that, viewing the County as a private contractor hired by defendant to perform snow removal, a reasonable jury could not find there was negligence in the snow removal at the Arena, which resulted in plaintiff's accident. He reasoned:

> it's uncontroverted that five employees were, time records show that they were at the scene at the time, they had various equipment in place to conduct snow removal activities and that there was actually blizzard

conditions . . . when the concert was letting out. And, at that point, the snow was, it's uncontroverted it was vastly accumulated, so even if snow removal had been actively ongoing up until the point that it was letting out the snow was coming down very hard.

And, moreover, it would be unreasonable for Mercer County, whether it's a public entity or a private contractor that [defendant] relied upon, for them to utilize the broom machines or even, I mean, it would be difficult even to conduct shoveling operations while, I mean, the arena has a large capacity and people and you have to be concerned about the safety of people not that they be injured by the snow removal activities themselves.

Appellate review of a ruling on a motion for summary judgment is de novo, applying "the same standard governing the trial court[.]" Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). Thus, we consider, as the motion judge did, "'whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.'" Id. at 406 (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). "If there is no genuine issue of material fact," an appellate court "must then decide whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation omitted). We accord no

A-3392-17T2

deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (citing Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009)).

This court has routinely held that a jury should decide issues of fact regarding whether a commercial landlord or occupier breached the applicable standard of care to a business invitee. See Gray v. Caldwell Wood Prods., Inc., 425 N.J. Super. 496, 503 (App. Div. 2012); Tymczyszyn v. Columbus Gardens, 422 N.J. Super. 253, 256 (App. Div. 2011); Bates v. Valley Fair Enters., Inc., 86 N.J. Super. 1, 12-13 (App. Div. 1964).

Under these legal parameters, we part company with the judge's determination, concluding that he erred in holding defendant, through the County, properly exercised its duty of care to plaintiff. There was a genuine issue of material fact as to whether defendant breached its duty of care to plaintiff, which the judge should not have decided on summary judgment.

A jury should consider whether defendants made reasonable efforts to shovel, salt, or sand the area where plaintiff slipped and fell, or otherwise arrange for such precautions, to provide safe passage for plaintiff from the Arena to his car. A jury should consider all relevant circumstances, which may include:

> [T]he extent and timing of the snowfall, the time of day
> or night, the nature of the efforts actually taken . . . to

> maintain the premises, the practicality of cleaning up in stages or by priorities, the plaintiff's care for his own safety including his foot wear, . . . and any other pertinent factors.
>
> [Moore v. Schering Plough, Inc., 328 N.J. Super. 300, 307 (App. Div. 2000).]

The record before us, at least raises a genuine issue of material fact as to whether defendant violated its duty to provide plaintiff with a reasonably safe premises. Defendant asserts the County deployed a sufficient work force to properly maintain safe passage through the snow and ice. However, it is up to a jury to determine whether the area where plaintiff slipped and fell was properly plowed and salted given the conditions that existed when he and other concertgoers left the Arena. A jury could have reasonably determined that insufficient efforts were made to eliminate conditions that caused plaintiff's injury. A jury should resolve these disputed factual questions. We therefore conclude summary judgment was improperly granted.

Reversed and remanded for trial.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION