WILMA L. BODINE ET AL., RESPONDENTS, v. THE GOERKE
COMPANY, APPELLANT.

Argued February 4, 1926—Decided May 17, 1926.

The plaintiff Wilma L. Bodine, on a snowy day, slipped and fell in
the entrance or vestibule of the defendant's store and broke her
left arm. There was no dispute about the facts, or that different
inferences could be drawn from the facts. There was nothing
from which negligence of the defendant may be reasonably in-
ferred. There was no case to go to a jury. *Held*, it was error
for the trial judge to submit the case to the jury.

On appeal from the Supreme Court.

For the appellant, *Frank G. Turner*.

For the respondents, *Abe J. David*.

The opinion of the court was delivered by

BLACK, J. The only question involved on the appeal of
this case is whether negligence may be reasonably inferred
from the testimony? If none there is no case to go to a
jury. That is the test, which has been stated, approved and
applied in many cases. *Metropolitan Railway Co.* v. *Jack-
son, 3 App. Cas. (L. R.)* 197; *Newark Passenger Railway
Co.* v. *Block, 55 N. J. L.* 607; *Donus* v. *Public Service Rail-
way Co., post, p.* 644. The trial judge submitted the case to
the jury, resulting in verdicts for the plaintiffs, husband and
wife.

This is the meritorious question alleged as error in the
grounds of appeal.

The dominant facts in the record may be thus sum-
marized. The plaintiff Wilma L. Bodine, on January 24th,
1923, at about twelve-thirty P. M., fell or slipped at the en-
trance or lobby of the defendant's store at the corner of
Cedar and Broad streets, in the city of Newark. At that
time it was "slushy like,. dirty snow," "sloppy and slushy."

It commenced to snow at "nine A. M. and stopped at three P. M." Mrs. Bodine testified:

"*Q.* You hadn't gotten into the store? *A.* I was in the vestibule and hadn't gone in the revolving doors as yet; I was in the entrance to the Goerke store; there is a show case there, and I had just passed it when I fell."

"*Q.* What took you there? *A.* I wanted to do some shopping." The floor of the entrance was "very slushy, like dirty snow." The entrance "slopes a bit." I wore black satin pumps; they were wet when I reached Goerke's', as I had walked from Bambergers' to Plauts' through the snow and from Plauts' to Goerkes' through the snow. When I fell I broke my left arm. The entrance, "it was like slush; it was dirty, because my clothes were dirty afterwards." "*Q.* When you say slush, you mean it was soft; rain mixed with the snow? *A.* Yes."

The facts are not in dispute, nor can different inferences be drawn from the facts. The only allegation in the complaint charging negligence, in substance, is to the effect that the defendant allowed snow to remain on the store entrance or approach for an unreasonable length of time having notice thereof; that it would be slippery and dangerous to persons using the same. There is no allegation in the complaint or any testimony of any structural defect in the floor of the entrance or vestibule of the defendant's store where the plaintiff slipped and fell.

The case is clearly distinguished from that class of cases of which *Cooper* v. *Reinhardt*, 91 *N. J. L.* 402, is illustrative. In that case, ice was allowed to remain on the steps of the defendant's hotel for three and one-half hours after the snow had stopped falling, and where the plaintiff was a guest leaving the premises just after dark, he slipped on a coating of frozen snow and ice. In *Schnatterer* v. *Bamberger*, 81 *Id.* 558, where the injury was caused by tripping on a stairway covered by a loosened brass edging or nosing, the defendant was not chargeable with negligence, when the fact of the loosened brass edging had not, in fact, been brought to the notice of the storekeeper before the accident,

or it was not shown that it had existed for such a length of time as to charge the storekeeper with notice thereof. In that case, as well as in the case of *Garland* v. *Furst Store,* 93 *Id.* 127, the rule under which a storekeeper may be liable is stated with a citation of many authorities. *Stark* v. *Great Atlantic, &c., Cos., post, p.* 694. Slipping and falling on a piece of soap on the floor of a Turkish bathroom, recovery was denied. *Rom* v. *Huber,* 93 *N: J. L.* 360; *affirmed,* 94 *Id.* 258.

We find in the record of this case no disputed facts. No inferences from those facts, that *could* or *ought* to justify a jury in finding, that the defendant was guilty of negligence.

We conclude, therefore, that it was error for the trial judge to submit the case to the jury. It was error not to have directed a verdict in favor of the defendant. The judgment of the Supreme Court is therefore reversed, to the end that a *venire de novo* may issue.

*For affirmance*—KALISCH, CAMPBELL, McGLENNON, JJ. 3.

*For reversal*—TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, WHITE, GARDNER, VAN BUSKIRK, KAYS, HETFIELD, JJ. 10.