**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5756-17T1

JANET DIXON,

     Plaintiff-Appellant,

v.

HC EQUITIES ASSOCIATES, LP,

     Defendant-Respondent.

_____

Submitted April 4, 2019 – Decided May 2, 2019

Before Judges Whipple and Firko.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7755-16.

Rothenberg, Rubenstein, Berliner & Shinrod, attorneys for appellant (Alan Berliner, on the brief).

The Law Office of John P. Hendrzak, attorneys for respondent (Christopher S. Byrnes, on the brief).

PER CURIAM

    Plaintiff Janet Dixon slipped and fell on a sidewalk while it was snowing.

She appeals from a July 20, 2018 order granting summary judgment to defendant

HC Equities Associates LP, the owner of the premises. We affirm because the undisputed facts established that defendant did not breach a duty of care to plaintiff.

I.

We derive the facts from the summary judgment record, viewing them in the light most favorable to plaintiff. After leaving work on March 3, 2015, plaintiff fell during a snowstorm in Elizabeth. According to certified records from the National Centers for Environmental Information, U.S. Department of Commerce, National Oceanic and Atmospheric Administration (NOAA) for Newark Airport, a snowstorm consisting of mixed snow, ice pellets, and freezing rain developed between 5:15 p.m. and 10:09 p.m. that day. A winter weather advisory was issued at 4:01 a.m. on March 3, 2015, stating:

> Winter weather advisory remains in effect from 3[:00] [p.m.] this afternoon to 2[:00] [a.m.] EST Wednesday.
>
> *Locations . . . New York City . . . as well as Union [County] . . . .
>
> *Hazard Types . . . snow . . . sleet and freezing rain.
>
> *Accumulations . . . snow accumulation of [one] to [three] inches . . . along with less than a tenth of an inch of ice.
>
> *Temperatures . . . in the lower [thirties].

2

*Timing . . . snow develops late this afternoon . . . then mixes with sleet and freezing rain this evening before changing to freezing rain by midnight . . . then to plain rain late at night.

*Impacts . . . snow covered surfaces . . . coated with ice . . . will make traveling difficult at times.

Plaintiff was employed as a senior probation officer and left work at 7:00 p.m., exiting the Albender building through the front entrance and walking around the building to the parking lot where her state issued car was parked. According to plaintiff, she slipped and fell on ice outside of the building. At her deposition, she testified that it started snowing earlier that day while she was at work, but not before she arrived, and when she left. There was at least one inch of snow on the sidewalk and "[she] was making tracks . . . [she] was just walking." Plaintiff was wearing boots and was "walking very slow" because she saw snow on the sidewalk. She testified she "was walking and the next thing [she] knew [she] was in the air and coming down." Plaintiff "assume[d]" that her feet slipped, but had no specific recollection of whether one foot or both feet slipped. In her interrogatory answers, plaintiff certified that she did not notice ice under the snow before or after her fall, and contradicted herself in a supplemental interrogatory answer stating there was "[i]ce under snow." She

fell on her left side, "hitting [her] butt."  As a result of her fall, plaintiff fractured her left hip and underwent a left hip replacement.[1]

Plaintiff sued defendant alleging negligence.  The parties engaged in discovery and defendant moved for summary judgment arguing there was a lack of evidence from which a jury could determine that it breached a duty of care to plaintiff because she fell on snow while it was snowing and there was no duty to remove the snow until a reasonable time after the snow stopped falling.

After hearing oral argument, the trial court granted summary judgment reasoning that no rational jury could find defendant was negligent because plaintiff fell during an ongoing snowstorm.  Accordingly, the trial court entered an order granting summary judgment to defendant and dismissing plaintiff's complaint.  Plaintiff now appeals.

II.

On appeal, plaintiff argues that the trial court failed to consider material factual disputes that should have precluded summary judgment in favor of defendant.  We review a trial court's decision to grant summary judgment de novo, using the same standard the trial court applies. A motion for summary

---

[1] This information is contained in plaintiff's interrogatory answers.  Her medical records were not provided.

A-5756-17T1

judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

First, the reviewing court must decide whether there was a genuine issue of fact. Rule 4:46-2(c) states that there is only a genuine issue of fact "if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Pursuant to this standard, the judge must decide whether "there exists a single, unavoidable resolution of the alleged disputed issue of fact, that issue should be considered insufficient to constitute a 'genuine' issue of material fact for purposes of Rule 4:46-2." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). Thus, the evidence must be "so one-sided that one party must prevail as a matter of law[.]" Ibid. (quoting Anderson, 477 U.S. at 252).

Here, plaintiff asserted a claim of negligence against defendant. In order to prove her negligence claim, plaintiff must prove: (1) defendant owed her a

duty of care; (2) defendant breached that duty; (3) the breach was a proximate cause of her injury; and (4) plaintiff sustained actual damages. Townsend v. Pierre, 221 N.J. 36, 51 (2015). Defendant does not dispute that it owed plaintiff a duty to exercise reasonable care because she was a business invitee at the time of the accident, but her claim fails as a matter of law because she cannot show it breached that duty. We agree.

"An owner or possessor of property owes a higher degree of care to the business invitee because that person has been invited on the premises for purposes of the owner that often are commercial or business related." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 433 (1993). That duty requires owners "to make reasonable inspections of the property and to remedy any reasonably discoverable defects." Id. at 441.

The area to which this duty applies "extends to the premises' parking lot[.]" MacGrath v. Levin Props., 256 N.J. Super. 247, 250 (App. Div. 1992). Accordingly, a business owner is "under a duty to exercise reasonable care to keep [its parking area] free of ice and snow." Bates v. Valley Fair Enters., Inc., 86 N.J. Super. 1, 6 (App. Div. 1964). It has long been recognized, however, that commercial landowners have a reasonable time in which to act to clear snow and ice from walkways. See Bodine v. Goerke Co., 102 N.J.L. 642, 644 (E. &

A. 1926) (holding that a property owner could not be liable for failing to remove slush or ice from the entrance to a store while the storm was still ongoing).

In this case, it is undisputed that the snowstorm was ongoing when plaintiff slipped and fell while walking to her car. Indeed, plaintiff acknowledged that it was snowing after she arrived for work and when she left the building. Given these undisputed facts, defendant was not obligated to remove snow and ice until the precipitation stopped and it had a reasonable time to remove the snow and ice.

In determining whether a duty exists, the court must consider "whether the imposition of such a duty satisfies an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy." Hopkins, 132 N.J. at 439. This inquiry "involves identifying, weighing, and balancing several factors—the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." ADS Assocs. Grp., Inc. v. Oritani Sav. Bank, 219 N.J. 496, 522-23 (2014) (quoting Brunson v. Affinity Fed. Credit Union, 199 N.J. 381, 403 (2009)). The presence or absence of an enforceable duty is generally a question of law for the court. Clohesy v. Food Circus Supermarkets, Inc., 149 N.J. 496, 502 (1997).

A-5756-17T1

At common law, residential and commercial property owners did not have a duty to maintain public sidewalks, abutting their premises, free from snow and ice. Skupienski v. Maly, 27 N.J. 240, 247 (1958). An exception was later "carved out" for commercial landowners in Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 149-50 (1981). There, plaintiff fell on a severely dilapidated sidewalk abutting defendant's property and sustained injuries. Id. at 150. Stewart held that "[c]ommercial property owners are henceforth liable for injuries on the sidewalks abutting their property that are caused by their negligent failure to maintain the sidewalks in reasonably good condition." Ibid. This duty has been extended to include snow and ice removal if a plaintiff could prove actual or constructive notice by the owner. Mirza v. Filmore Corp., 92 N.J. 390, 395 (1983).

In Mirza, plaintiff was employed by a company that was located in a building owned by defendant. Id. at 393. The entrance to the building was covered with a foot of snow, which concealed ice underneath it. Ibid. It had snowed three or four days before the day of the accident, as well as throughout the night leading into the morning plaintiff fell. Ibid. At the time, there was no duty for an abutting landowner to remove the natural accumulation of snow and

 A-5756-17T1

ice from a public sidewalk.  Ibid.  The trial judge granted summary judgment in favor of defendant, and we affirmed.  Id. at 393-94.

In considering Stewart, our Court reiterated that "an abutting owner may be liable to a pedestrian who is injured as a result of a dangerous condition irrespective of the fact that nature or some third person caused the condition."  Id. at 394-95.  It follows, therefore that:

> the duty to remove snow and ice is more important and less onerous than the general duty of maintenance imposed by Stewart.  Snow and ice pose a much more common hazard than dilapidated sidewalks.  The many innocent plaintiffs that suffer injury because of unreasonable accumulations should not be left without recourse.
>
> [Id. at 395.]

The Court clarified "[t]he abutting commercial owner's responsibility arises only if, after actual or constructive notice, he has not acted in a reasonably prudent manner under the circumstances to remove or reduce the hazard."  Ibid.  The question is whether a reasonably prudent person would have caused the public sidewalk to be reasonably safe within a reasonable period of time after the person knew or should have known of the condition.  Id. at 395-96.  Our Court concluded the duty to remove "snow or ice or reduction of the risk" depends on the circumstances.  Id. at 396.

"Whether a person owes a duty of reasonable care toward another turns on whether the imposition of such a duty satisfies an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy." Hopkins, 132 N.J. at 439. Our courts have interpreted this to mean that commercial landlords are not required to remove dangerous conditions while snow is still accumulating, but within a reasonable time after snowfall has stopped. See Qian v. Toll Bros., Inc., 223 N.J. 124, 136 (2015) (upholding the imposition of "a duty on commercial property owners to take reasonable measures to maintain a public sidewalk for the safety of pedestrians was consonant with public policy and notions of fairness").

New Jersey has long upheld the principle that commercial property owners are not liable for clearing snow during a snowstorm. In Bodine, the plaintiff slipped on slush at the entrance of a store. 102 N.J.L. at 642-43. Plaintiff fell while it was still snowing, leading the judge to conclude that these facts could not "justify a jury in finding, that the defendant was guilty of negligence." Id. at 644. While Bodine involved a plaintiff falling at a store entrance, the premise that an owner cannot be found negligent for failing to clear snow and ice during an ongoing storm has been extended to commercial sidewalks.

We agree with the trial court here that defendant did not have a duty to clear the sidewalk outside of its building at the time of plaintiff's accident. Plaintiff left work at approximately 7:00 p.m. She admitted it was snowing when she left, as confirmed by the NOAA records. We are not persuaded by the fact she was driving a state issued car because it has nothing to do with negligence or defendant's duty in this instance. Our jurisprudence does not support a duty for a commercial landowner to maintain sidewalks free of ice and snow until a reasonable time after a storm has ended.

Plaintiff argues that Quiles v. Hector, No. A-0023-16 (App. Div. Jan. 19, 2018) (slip op. at 9) is not applicable to this case because she was not permitted to leave work early. In Quiles, plaintiff was bringing a pizza to a friend, who lived in an apartment complex owned by defendant, while it was snowing. Id. at 3. Plaintiff testified that she could not walk on the sidewalk because there was "too much snow[,]" and, therefore, walked down a driveway instead. Approximately one inch of snow was on the ground, and plaintiff fell, injuring her right hand and lower back. Id. at 4. Although defendant admitted being responsible for snow removal, we upheld summary dismissal, concluding there is no duty for a commercial owner to remove snow until a reasonable time has passed. Id. at 9. We further held that a commercial landowner has a duty to act

11

within a reasonable period of time after he or she "knows or has reason to know of a dangerous condition caused by the accumulation of snow and ice." Id. at 11.

In considering Bodine, Mirza, and Qian, we consistently held "defendant ha[s] a duty to make the private walkways . . . reasonably safe for known or expected visitors. However, that duty is to act reasonably under the circumstances, and defendant cannot be liable for failing to remove the accumulated snow or ice until a reasonable time after the storm ends." Id. at 9. We rejected plaintiff's argument in Quiles that the amount of snow on the ground created a genuine issue of material fact, and found that "the key factual issue was whether the snowstorm was continuing when plaintiff slipped and fell." Id. at 13.

Here, plaintiff contends Quiles is distinguishable because in that case, plaintiff voluntarily entered the premises, and in this case, plaintiff was required to stay at work until 7:00 p.m. In response to her argument, the trial judge stated "it's not prison. She can go home anytime she wants . . . it's just that she may not necessarily get paid for it, but that's a different issue. She's not locked in, right?" She claims the trial court erred in relying on Quiles, and urges us to distinguish it. Our precedent makes no distinction between voluntarily being on

12

a premises versus working when it comes to the issue of snow removal. Because Quiles is an unpublished opinion, it is not binding on any court and may only be considered as persuasive authority. See Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 1:36-3 (2019). Therefore, we are unpersuaded by plaintiff's argument.

## III.

Plaintiff also argues that defendant's superintendent, Carmello,[2] was aware that probation officers were required to work late some evenings, and he did not shovel, salt or sand the subject sidewalk. At oral argument, plaintiff's counsel argued:

> it's reasonable to expect that he would at least attempt something . . . . [The employees] only have one way to enter and exit the building. When they come out he can greet them with a shovel and just shovel a little path, as best as he can, to get to the parking lot.

No evidence was provided as to whether Carmello or anyone else salted or sanded the sidewalk prior to plaintiff's fall, but that is irrelevant because the storm was in progress and no duty was owed by defendant. Plaintiff also testified that she has never seen Carmello salt or sand the sidewalks before a snowstorm, and she never complained to her employer about hazardous sidewalk

---

[2] No last name was provided for Carmello in the record.

A-5756-17T1

conditions. Plaintiff's attempt to impose a duty on a commercial landowner who employs a live-in superintendent to clear sidewalks of ice and snow during an ongoing snowstorm, such as defendant here, lacks merit, and is unsupported by statute and case law.

In support of its position, defendant relies upon Hill v. Saint Barnabas Medical Center, No. A-0148-17 (App. Div. July 16, 2018),[3] an unpublished case. In Hill, plaintiff fell outside of defendant's premises while it was snowing heavily and sustained injuries. Id. at 3. Records provided from the National Weather Service indicated that the snowstorm began around 8:30 a.m. on the day of plaintiff's accident, and continued until late afternoon. Id. at 14. Summary judgment was granted in favor of defendant. Id. at 7. We again considered the holdings in Stewart, Qian, and Bodine, all of which previously held commercial landowners will not be deemed responsible for snow and ice removal until a reasonable time has passed. Id. at 10-12. "As indicated in Bodine, the property owner has a reasonable time to act after the storm ends in

---

[3] As mentioned above, unpublished opinions are not binding on any court and should not be relied upon for precedential authority. Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 1:36-3 (2019). "Although the parties may bring unpublished opinions to the attention of the court, the court itself may not cite an unpublished opinion except to the limited extent required by the application of preclusionary legal principals or case history." Ibid.

which to clear accumulated snow and ice." Id. at 12. Summary judgment was upheld because the court found there were no genuine issues of material fact as to whether the storm was ongoing when plaintiff slipped. Ibid.

The facts here are undisputed. Plaintiff admittedly slipped and fell in the middle of a five-hour snow storm. The trial court, therefore, did not err in finding that defendant did not owe a duty to her to clear the snow and ice while it was still falling, and appropriately granted summary judgment.

Further, the Restatement (Second) of Torts § 343A (Am. Law. Inst. 1965) provides: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Under the common law, a landowner owes the highest duty to a business invitee, a person that "has been invited on the premises for purposes of the owner that often are commercial or business related." Hopkins, 132 N.J. at 433.

IV.

Finally, we address N.J.S.A. 40:65-12, which authorizes municipalities to enact ordinances to compel an owner or tenant of land abutting sidewalks to remove all snow and ice "within twelve hours of daylight after the same shall

fall or be formed thereon[.]" These ordinances, while not creating a tort duty as a matter of law, Smith v. Young, 300 N.J. Super. 82, 95 (App. Div. 1997), may provide insight as to a reasonable period of time within which to act. Mizra, 92 N.J. at 396 n.3. The relevant Elizabeth Municipal Codes in effect at the time of plaintiff's accident provided:

> The owner, agent, tenant, occupant or person having charge of any building or lands bordering upon any street, square, highway or public place within the city that is or may be graded, curbed and flagged shall cause the sidewalk of the property to be cleared of snow, ice or sleet, to a width of at least four feet, within twelve [] hours of daylight after the same shall be formed or fall thereon.
>
> [Elizabeth, N.J., Mun. Code 12.16.010 (2014).]
>
> Whenever ice shall form on any sidewalk or any part thereof, the owner, agent, tenant, occupant or person having charge of any building or lands as aforesaid shall, within the space of one hour thereafter, during the daytime, cause such sidewalk to be made safe and convenient for travel by removing ice therefrom or by covering the same with sand or some other suitable substance.
>
> [Elizabeth, N.J., Mun. Code 12.16.020 (2014).]
>
> The owner, agent, tenant, occupant or person having charge of any building or lands within the city which has located thereon any off-street parking areas shall cause such off-street parking areas to be cleared of snow, ice or sleet within twelve [] hours of daylight after the same shall be formed or shall fall thereon.

A-5756-17T1

[Elizabeth, N.J. Mun. Code 12.16.050 (2014).]

While these codes are not binding on whether a legal duty existed, they are instructive as to whether defendant acted reasonably. Elizabeth's ordinances require an owner to remove snow and ice within twelve hours of daylight after precipitation has ceased. Thus, defendant's duty here would not have arisen until the following morning on March 4.

The undisputed material fact remains that it was snowing and defendant was afforded a reasonable period of time to remove the snow and ice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5756-17T1