**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3591-17T1

SAMIR ABDALLA,

     Plaintiff-Appellant,

v.

THREEGEES t/a MONACO
ARMS, INC.,

     Defendant-Respondent,

and

BERGENFIELD TREE SERVICE,

     Defendant.

_____

Submitted January 30, 2019 – Decided May 10, 2019

Before Judges Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2715-16.

Pellettieri, Rabstein and Altman, attorneys for appellant (Thomas R. Smith, on the brief).

William Pfister, Jr., attorney for respondent.

PER CURIAM

Plaintiff Samir Abdalla appeals from the trial court's grant of summary judgment to his landlord, defendant Threegees t/a Monaco Arms, Inc. and dismissal, with prejudice, of his complaint alleging defendant was negligent in failing to clear ice on a sidewalk on which plaintiff slipped and fell in the apartment complex defendant owns. We affirm, concluding defendant had no duty to clear the ice until precipitation stopped.

We view the facts in the light most favorable to plaintiff. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Plaintiff alleges he slipped and fell on an icy walkway in the apartment complex on January 18, 2015 at approximately 1:00 p.m. and suffered a fractured radius in his left arm. Plaintiff, in his merits brief, acknowledges the following "undisputed information": "[a]ccording to the Hourly Weather Table for January 18[], 2015 found in the defendant's weather expert report, freezing rain began to fall around 7[:00] a.m." "Further, according to defendant's expert, the temperature remained in the mid-twenties, well below freezing, when the freezing rain began to develop." Plaintiff adds, "[i]t is undisputed that the ice rain stopped falling prior to plaintiff's fall. In fact, defendant's own expert report indicates that the temperatures began to rise above freezing starting around 11:00 a.m., two hours

prior to plaintiff's" fall, "more than fifteen hours after" the National Weather Service issued a freezing rain advisory. In deposition testimony plaintiff averred it was cold and raining lightly at the time he fell. Plaintiff argues: considering defendant's expert noted "the transition from freezing rain to plain rain occurred beginning around [11:00 a.m.],"[1] defendant was negligent by failing to treat the icy sidewalk three hours after the freezing rain stopped.

The motion judge recognized a commercial property owner has a duty to keep its premises safe, including public sidewalks. Saying he was adopting the theories under Mirza v. Filmore Corporation, 92 N.J. 390 (1983), the judge concluded defendant did not have "the responsibility to go out while it [was still] raining to deice a condition that developed the hour earlier or two hours earlier" because the owner had "to be given some form of reasonable time period after the cessation of the storm itself."

Although we normally decide evidentiary rulings before determining if summary judgment was prudently granted, Townsend v. Pierre, 221 N.J. 36, 53 (2015), we need not address plaintiff's argument that the motion judge erred by

---

[1] The hourly weather table included in the expert's report actually indicates the "[f]reezing rain" transitioned to "[f]reezing rain and plain rain" at 11:00 a.m. and then from "[f]reezing rain and plain rain" to "[r]ain" at 2:00 p.m.

relying on the net opinion rendered by defendant's expert. We consider only those facts plaintiff deemed undisputed in our de novo review.

That de novo review of the motion judge's summary judgment decision is based upon our independent review of the motion record, applying the same standard as the trial court. Townsend, 221 N.J. at 59; Brill, 142 N.J. at 539-40. Summary judgment is granted where the record demonstrates "no genuine issue as to any material fact challenged and . . . the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 329-30 (2010); Brill, 142 N.J. at 540. We pay no particular deference to the trial court's determination of any questions of law. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

We agree with the motion judge that "commercial landowners are responsible for maintaining in reasonably good condition the sidewalks abutting their property and are liable to pedestrians injured as a result of their negligent failure to do so." Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 157 (1981). Our Supreme Court extended that duty: the "maintenance of a public sidewalk in a reasonably good condition may require removal of snow or ice or reduction of the risk, depending upon the circumstances." Mirza, 92 N.J. at 395. "The test is whether a reasonably prudent person, who knows or should have known of

the condition, would have within a reasonable period of time thereafter caused the public sidewalk to be in reasonably safe condition." Id. at 395-96.

Precedent, almost one-hundred years-old, persuades us that that reasonable period did not commence in this case until the precipitation ceased. In Bodine v. Goerke Company, 102 N.J.L. 642, 643 (E. & A. 1926), the plaintiff – on a day when it snowed from 9:00 a.m. until 3:00 p.m. – slipped and fell at approximately 12:20 p.m. on accumulated slush in the vestibule of defendant's store. Determining it was error for the trial court to have submitted the case to a jury, the Court held there were "[n]o inferences from those facts, that could or ought to justify a jury in finding that the defendant was guilty of negligence." Id. at 644. The Court distinguished the case

> from that class of cases of which Cooper v. Reinhardt, 91 N.J.L. 402 (Sup. Ct. 1918), is illustrative. In that case, ice was allowed to remain on the steps of the defendant's hotel for [three and one-half] hours after the snow had stopped falling, and where the plaintiff was a guest leaving the premises just after dark, he slipped on a coating of frozen snow and ice.
>
> [Id. at 643.]

The fact that the freezing rain had turned to rain during this winter storm does not convince us that summary judgment should not have been granted. It is undisputed that it was still raining when plaintiff fell. The continuation of the

A-3591-17T1

storm did not provide defendant with a reasonable period of time to remove the ice from the sidewalk. That reasonable period commenced at the conclusion of the precipitation.

We determine plaintiff's argument that the motion judge erred when he relied on a distinguishable, unpublished case to be without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E). We decide appeals from judgments, not opinions, Hughes v. Eisner, 8 N.J. 228, 229 (1951); here, our decision is de novo, Townsend, 221 N.J. at 59; Brill, 142 N.J. at 539-40.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3591-17T1