**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1537-19T1

JOSSELYN BERNIZ,

     Plaintiff-Appellant,

and

JONATHAN MARI,

     Plaintiff,

v.

JEFFREY ATKINS and AISHA
ATKINS,

     Defendants-Respondents,

and

ENDEMOL USA HOLDINGS,
INC., 51 MINDS
ENTERTAINMENT, LLC,
and JAIME'S LANDSCAPING,

     Defendants.
_____

Submitted September 30, 2020 – Decided  October 8, 2020

Before Judges Fisher and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4282-15.

Robert Douglas Kuttner, attorney for appellant.

Santo V. Artusa, Jr., attorney for respondents.

PER CURIAM

Plaintiff Josselyn Berniz worked as a housekeeper for defendants Jeffrey and Aisha Atkins. On January 26, 2015, after cleaning defendants' home, plaintiff fell as she departed on their snow-covered driveway. Because snow was then still falling, the judge applied the so-called "ongoing-storm rule" in summarily dismissing plaintiff's complaint. Adhering to Pareja v. Princeton International Property, 463 N.J. Super. 231, 251 (App. Div. 2020), cert. granted, __ N.J. __ (2020), which held that a commercial landowner must take reasonable steps "even when precipitation is falling," we reverse.

In interpreting the factual record in the light most favorable to plaintiff – the opponent of defendants' summary judgment motion – we assume the truth of the following circumstances. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).[1]

_____

[1] All other named defendants either obtained summary judgment or were voluntarily dismissed.

A-1537-19T1

Plaintiff arrived at defendants' Saddle River home at approximately 9:30 a.m. That day, the Governor issued an executive order in response to a National Weather Service warning that New Jersey would experience heavy snow accumulations, strong winds, and freezing temperatures. Snow, however, had not begun to fall by the time plaintiff arrived at defendants' home.

According to plaintiff, she parked her vehicle close to and "in front of the garage doors where [she] usually parked." There was "a little bit of snow and ice" on the driveway that had accumulated from recent precipitation; she did not recall seeing any salt or de-icing chemical on the driveway. After parking and without incident, plaintiff entered the home to commence her housekeeping duties.

According to defendant Aisha Atkins, at "around, like, lunchtime, between 11 and 1:00 p.m., maybe," she asked plaintiff to move her car because of the severe storm warning she had heard about on television. Plaintiff recalled that she worked for "three or four hours" before Aisha Atkins asked her to move the car out of the driveway and onto the public street. When asked why she directed plaintiff to move her car, Aisha testified at her deposition that she

wanted all vehicles off the driveway so their contractor[2] could "plow everything clear."

As instructed, plaintiff moved her car from the driveway to the street just beyond the residence's gate. As she walked back to the residence, plaintiff noticed snow had started accumulating – by then approximately one to one-and-a-half inches – and it "started to get dark."

Plaintiff finished the housework around 4:30 or 5:00 p.m. As she and a co-worker left the residence, Aisha warned her to "[b]e careful, it's snowing." By this time, the route to plaintiff's car was covered with snow. There was no dispute that defendants owned a shovel and a bag of salt for snow and ice removal, but they were not put to use, nor, for that matter, did defendants do anything else to help plaintiff down the snow-covered driveway to her car on the street.

While walking down the driveway, plaintiff slipped, prompting her to fall backwards and allegedly causing an injury to her right hand. At her deposition, plaintiff testified that snow was then falling "[n]ot too hard, not too light" and that it was also dark outside, the sun having set and defendants having failed to

---

[2] Defendants had a snow removal contract with defendant Jamie's Landscaping for plowing and shoveling their driveway when necessary.

A-1537-19T1

turn on the outside lights. After her fall, plaintiff called someone to pick her up and drive her to the hospital.

In granting defendants' summary judgment motion, the judge relied on Bodine v. Goerke Co., 102 N.J.L. 642, 644 (E. & A. 1926), which, it is argued, stands for the proposition that a landowner has no duty to remove snow or ice until a reasonable time after precipitation ends. The motion judge also somehow viewed plaintiff's own actions as the cause of the injury, stating:

> the facts construed in favor of the plaintiff [reveal] she knew . . . the snow was coming. She elected to continue . . . to work and I . . . don't find there's a duty here. I find that . . . it strains . . . the case law . . . to find one.

We disagree chiefly because we find it dubious at best whether the so-called "ongoing-storm rule" is part of our jurisprudence, as Justice Albin pointed out in his dissent from the denial of certification in Dixon v. HC Equities Assocs., LP, 241 N.J. 132, 133-35 (2020), and as we explained in Pareja.

In adhering to our decision in Pareja, we conclude that the mere fact that snow was falling when plaintiff slipped and fell did not blanket defendants with immunity. Instead, as we observed in Pareja, the Supreme Court has already held more recently than Bodine, that, in applying the test expressed in Hopkins

v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993),[3] a landowner's "duty to reasonably remove or reduce [a] hazard is triggered once 'a reasonably prudent person . . . knows or should have known' about the dangerous condition." Pareja, 463 N.J. Super. at 241 (quoting Mirza v. Filmore Corp., 92 N.J. 390, 395 (1983)).

In making this value judgment, we do not hesitate to conclude, as we held in Pareja, that the "ongoing-storm rule" has no place in our jurisprudence. Instead, as Mirza and Pareja make clear, defendants owed this business invitee a duty to act reasonably and within a reasonable period of time after they knew or should have known of the hazard caused by the snowfall and the setting of the sun; whether defendants were negligent turns on a consideration of all the relevant circumstances, only one of which was the continuing snowfall. See also Moore v. Schering Plough, Inc., 328 N.J. Super. 300, 302-03 (App. Div. 2000).

In addition, in applying the Brill standard, the judge – instead of concluding that plaintiff assumed the risk of injury by leaving home that

_____

[3] The Court held in Hopkins that the imposition of a duty requires consideration of four factors: "the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." See also Estate of Narleski v. Gomes, __ N.J. __, __ (2020) (slip op. at 32).

A-1537-19T1

morning to fulfill her contractual obligation – should have denied summary judgment. The existing factual record demonstrates that Aisha was aware of the snowstorm, aware that a significant snowfall was expected to accumulate, and aware that plaintiff's stepping out onto the unlit, snow-covered driveway was hazardous because she warned plaintiff to "[b]e careful, it's snowing." Defendants had the means of addressing the problem – a shovel and bag of salt were handy and a snow-removal entity was under contract – but they instead left plaintiff to her own devices. Indeed, defendants imposed a greater burden on plaintiff than existed when she arrived, because plaintiff was told at some point in the middle of the day to move her car out of the driveway and onto the street, thus extending her path from the residence to her car. Whether defendants' actions were reasonable – a question that would include whether it was reasonable for defendants to refrain from shoveling or salting the driveway during the snow fall, Pareja, 463 N.J. Super. at 244 (quoting Lundy v. Groty, 367 N.W.2d 448, 450 (Mich. Ct. App. 1985) (also dealing with a claim by a housekeeper who fell on a snowy driveway during a snowstorm)) – should be determined by a jury.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7